

**NUMBER 13-08-00054-CV**

**COURT OF APPEALS**

**THIRTEENTH DISTRICT OF TEXAS**

**CORPUS CHRISTI - EDINBURG**

---

**SAMUEL GARCIA, JR., M.D.,**                                     **Appellant,**

**v.**

**MARIA GOMEZ, INDIVIDUALLY, AND AS
REPRESENTATIVE OF THE ESTATE OF
OFELIA MARROQUIN, ET AL.,**                                **Appellees.**

---

**On appeal from the County Court at Law No. 5
of Hidalgo County, Texas.**

---

## O P I N I O N

**Before Chief Justice Valdez and Justices Yañez and Benavides
Opinion by Chief Justice Valdez**

Appellant, Samuel Garcia, Jr., M.D., appeals a judgment dismissing a health care liability claim brought by appellee, Maria Gomez, individually, and as representative of the estate of Ofelia Marroquin. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(9) (Vernon Supp. 2008). By one issue, Garcia contends the trial court erred in denying him an award

of attorney's fees after it dismissed a health care liability claim against him. *See id.* § 74.351(b) (Vernon Supp. 2008). We affirm.

## I. BACKGROUND

After undergoing abdominal surgery, Marroquin died from a pulmonary embolism. On June 19, 2007, Gomez brought health care liability claims against the hospital and Garcia, alleging that they were negligent in not recognizing Marroquin's history of deep vein thrombosis and in failing to prevent the fatal pulmonary embolism. On October 24, 2007, Garcia filed a motion to dismiss Gomez's claim and request for attorney's fees. *See id.* Gomez responded to the motion by agreeing to dismissal. Gomez, however, argued that an award of attorney's fees was unreasonable because when she sued, she believed that Garcia was negligent in not placing a "filter" in Marroquin's chest cavity to prevent the pulmonary embolism. During discovery, the hospital produced medical records showing that Marroquin had a filter in place. Gomez argued an award of attorney's fees would be unreasonable because she did not know that a filter had been used before suing.

On November 19, 2007, a hearing on Garcia's motion was held in which Gomez's counsel argued that suit was filed without knowing that a filter was in place and that even Garcia's medical records did not show that a filter had been employed. Gomez agreed to the dismissal, but she argued that attorney's fees were not warranted. Garcia argued that the clarity of the medical records was irrelevant to the trial court's obligation to award attorney's fees. As to the amount of attorney's fees, Ronald Hole, Garcia's counsel, testified that:

> I'm an attorney practicing in Hidalgo County, doing medical-malpractice law/litigation. I have done it since 1984. For a usual and customary case like this the [sic] fees for handling it up to the point of dismissal, the reasonable and necessary attorney's fee for handling that is 12,200 dollars. . . .

2

Gomez's counsel did not cross-examine Garcia's counsel. The trial court signed an order dismissing the cause under section 74.351 of the civil practice and remedies code. *See id.* The order states that attorney's fees are "N/A." This accelerated appeal followed. *See id.* § 51.014(a)(9).

## II. Discussion

When a trial court rules on a defendant health care provider's motion to dismiss a health care liability claim, we review the ruling for an abuse of discretion. *See Am. Transitional Care Ctrs. of Tex., Inc. v. Palacios*, 46 S.W.3d 873, 877-78 (Tex. 2001); *Rittmer v. Garza*, 65 S.W.3d 718, 721 (Tex. App.–Houston [14th Dist.] 2001, no pet.). An abuse of discretion occurs when the trial court acts in an unreasonable or arbitrary manner, without reference to any guiding rules or principles. *Walker v. Gutierrez*, 111 S.W.3d 56, 62 (Tex. 2003). A trial court will be deemed to have acted arbitrarily and unreasonably if the trial court could have reached only one decision, yet reached a different one. *See Teixeira v. Hall*, 107 S.W.3d 805, 807 (Tex. App.–Texarkana 2003, no pet.). To that end, a trial court abuses its discretion when it fails to analyze or apply the law correctly. *In re Sw. Bell Tel. Co.*, 226 S.W.3d 400, 403 (Tex. 2007) (citing *In re Kuntz*, 124 S.W.3d 179, 181 (Tex. 2003)).

Garcia's only issue is whether the trial court abused its discretion in not awarding attorney's fees. Section 74.351 provides:

> If, as to a defendant physician or health care provider, an expert report has not been served within the period specified by Subsection (a), the court, on the motion of the affected physician or health care provider, **shall**, subject to Subsection (c), enter an order that: (1) awards to the affected physician or health care provider reasonable attorney's fees and costs of court **incurred** by the physician or health care provider. . . .

3

TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(b) (emphasis added).  Statutes providing that a party "shall" be awarded attorney's fees are not discretionary.  *See Bocquet v. Herring*, 972 S.W.2d 19, 20 (Tex. 1998); *Doades v. Syed*, 94 S.W.3d 664, 674 (Tex. App.–San Antonio 2002, no pet.).  But whether a statute provides for the award of attorney's fees does not end our inquiry.  Gomez argues that the trial court was presented with legally insufficient evidence to support the award of attorney's fees.

A claim is supported by legally insufficient evidence if the record shows one of the following: (1) a complete absence of evidence of a vital fact, (2) rules of law or evidence bar the court from giving weight to the only evidence offered to prove a vital fact, (3) the evidence offered to prove a vital fact is no more than a scintilla, or (4) the evidence establishes conclusively the opposite of the vital fact.  *See City of Keller v. Wilson*, 168 S.W.3d 802, 810 (Tex. 2005).  Under an abuse of discretion standard, legal insufficiency of the evidence is not an independent reversible ground of error but is a relevant factor in assessing whether the trial court abused its discretion.  *Beaumont Bank, N.A. v. Buller*, 806 S.W.2d 223, 226 (Tex. 1991); *see Weingarten Realty Investors v. Harris County Appraisal Dist.*, 93 S.W.3d 280, 283 (Tex. App.–Houston [14th Dist.] 2002, no pet.) (op. on reh'g).

Courts are to consider the following factors when determining the amount of reasonable attorney's fees:  (1) the time and labor required, novelty, and difficulty of the question presented and the skill required to properly perform the legal service; (2) the likelihood that the acceptance of employment precluded other employment by the lawyer; (3) the fee customarily charged in the locality for similar services; (4) the amount involved and the results obtained; (5) the time limitations imposed by the client or by the

circumstances; (6) the nature and length of the professional relationship with the client; (7) the experience, reputation, and ability of the lawyer performing the services; and (8) whether the fee is fixed or contingent. *See Arthur Andersen & Co. v. Perry Equip. Corp.*, 945 S.W.2d 812, 818 (Tex. 1997) (quoting TEX. R. DISCIPLINARY P. 1.04(b), *reprinted* in TEX. GOV'T CODE ANN., tit. 2, subtit. G app. A (Vernon 2005 & Supp. 2008)). When making an inquiry as to attorney's fees, courts are free to look at the entire record, the evidence presented on reasonableness, the amount in controversy, the common knowledge of the participants as lawyers and judges, and the relative success of the parties. *Garrod Invs., Inc. v. Schlegel*, 139 S.W.3d 759, 767 (Tex. App.–Corpus Christi 2004, no pet.).

Of the eight factors, Garcia's counsel *attempted* to prove only the third when he stated, "[f]or a usual and customary case like this the [sic] fees for handling it up to the point of dismissal, the reasonable and necessary attorney's fee for handling that is 12,200 dollars." A statement is conclusory—and therefore constitutes no evidence—if it does not provide the underlying facts to support its conclusion. *Residential Dynamics, LLC v. Loveless*, 186 S.W.3d 192, 198 (Tex. App.–Fort Worth 2006, no pet.); *Haynes v. City of Beaumont*, 35 S.W.3d 166, 178 (Tex. App.–Texarkana 2000, no pet.). Garcia's attorney did not provide any underlying facts to support his conclusion that the reasonable total fee was $12,200, and from the record we cannot either. *Cf. Doctors Hosp. at Renaissance, Ltd. v. Ramirez*, No. 13-07-00608-CV, 2008 Tex. App. LEXIS 5124, at *10 (Tex. App.–Corpus Christi July 10, 2008, no pet.) (holding that an attorney's testimony "established several of the *Anderson* prongs, including: (1) the time and labor required; (2) the fee customarily charged in the locality for similar legal services; and (3) amount

5

involved and results obtained.").

Moreover, Garcia's counsel did not state that Garcia "incurred" the attorney's fees that were requested under the statute. Attorney's fees are recoverable only when provided for by statute or by the parties' agreement. *Dallas Cent. Appraisal Dist. v. Seven Inv. Co.*, 835 S.W.2d 75, 77 (Tex. 1992). With regard to chapter 74, the legislature premised an award of attorney's fees on an *affected physician or health care provider incurring* those fees. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(b) (emphasis added); *see also Aviles v. Aguirre*, No. 13-06-00495-CV, 2008 Tex. App. LEXIS 1098, at *5-7 (Tex. App.–Corpus Christi Feb. 14, 2008, pet. filed). "In construing a statute, 'our primary objective is to determine and give effect to the Legislature's intent.'" *Tex. Dep't of Transp. v. Needham*, 82 S.W.3d 314, 318 (Tex. 2002) (quoting *Nat'l Liab. & Fire Ins. Co. v. Allen*, 15 S.W.3d 525, 527 (Tex. 2000)). Had the legislature meant to unconditionally award attorney's fees to medical malpractice defense attorneys it could have done so. If we sustained Garcia's issue, we would go against legislative intent and erase "incurring" from the statute.

Thus, not only is Garcia's counsel's testimony regarding attorney's fees conclusory, it failed to establish an essential statutory element. Therefore, we find the evidence legally insufficient to support an award of attorney's fees. Garcia's sole issue is overruled.

### III. CONCLUSION

The judgment of the trial court is affirmed.

ROGELIO VALDEZ
Chief Justice

Opinion delivered and filed this
the 4th day of December, 2008.

6