02-10-403-CV












 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

NO. 02-10-00403-CV

 

 


 
 
 Sundance Minerals, L.P.
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 Wanda Jo Moore, Individually and as Trustee of the Ruth
 Holder Testamentary Trust; Maxine Holder, Individually and as Trustee of the
 Herbert Holder and Maxine Holder Trust; Robert E. Holder; Ricky Joe Holder;
 Terry S. Holder; Philip B. Holder; JANILEE HOLDER WISDOM;
 SCOTTY D. PLASTER; REX. L. PLASTER; AND LARRY F. PLASTER
 
 
  
 
 
 APPELLEES
 
 


 

----------

 

FROM THE 355th District Court OF Hood COUNTY

----------

 

OPINION

----------

         
This is an appeal from a summary judgment in favor of appellees
Wanda Jo Moore and Maxine Holder, in their individual and other capacities, and
Robert E. Holder, Ricky Joe Holder, Terry S. Holder, Philip
B. Holder, Janilee Holder Wisdom, Scotty D. Plaster,
Rex. L. Plaster, and Larry F. Plaster on their
counterclaim in this suit to determine the type of royalty reserved in a
deed.  Appellant Sundance Minerals, L.P. contends in two issues that (1)
the trial court erred by granting appellees’ motion
for summary judgment contending that the deed reserved a fraction of a royalty
and denying its motion that the deed instead reserved a fixed, fractional,
nonparticipating royalty and (2) the trial court erred in awarding attorney’s
fees to appellees.  We modify the trial court’s
judgment and affirm it as modified.

Background

         
In 1958, J.B. Holder and Ruth Holder conveyed 515 acres of real property to
J.D. Armstrong and Ophelia Armstrong.  The Holders, however, reserved in
the deed “an undivided and non-participating one-half interest in the oil, gas,
and other mineral rights.”  The deed further stated that the Holders
“shall be entitled to one half of the usual one eighth royalty received forsuch [sic] oil, gas and other minerals produced from
said land.”

         
Sundance is the successor-in-interest to the Armstrongs;
appellees are the successors to the Holders.  In
2003, Sundance leased the land to Quicksilver Resources for a one-fifth
royalty.  Appellees contend that the 1958
reservation entitles them to one-half of whatever royalty is payable at any
given time under a lease on the property; in this case, one-half of the
one-fifth royalty payable under Sundance’s lease with Quicksilver (a one-tenth
overall royalty).  Sundance asserts that appellees
are entitled to only half of a normal one-eighth royalty (one-sixteenth
overall).

         
Sundance sued appellees seeking a declaratory
judgment that the 1958 deed reserved only a fixed, nonparticipating
one-sixteenth royalty.  Sundance also sought attorney’s fees.  Appellees counterclaimed based on their interpretation that
they own one-half of the actual royalty collected by Sundance; they also asked
for attorney’s fees.  Both parties moved for summary judgment.  The
trial court granted appellees’ motion and awarded
attorney’s fees to appellees.

Summary
Judgment Standard of Review

We
review a summary judgment de novo.  Travelers Ins.
Co. v. Joachim, 315 S.W.3d 860, 862 (Tex. 2010). 
We consider the evidence presented in the light most favorable to the nonmovant, crediting evidence favorable to the nonmovant if reasonable jurors could, and disregarding
evidence contrary to the nonmovant unless reasonable
jurors could not.  Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding, 289 S.W.3d 844, 848 (Tex. 2009).  We indulge every
reasonable inference and resolve any doubts in the nonmovant’s
favor.  20801, Inc. v. Parker, 249 S.W.3d 392, 399 (Tex. 2008).  A defendant who
conclusively negates at least one essential element of a cause of action is
entitled to summary judgment on that claim.  Frost Nat’l Bank v.
Fernandez, 315 S.W.3d 494, 508 (Tex. 2010), cert.
denied, 131 S. Ct. 1017 (2011); see Tex. R. Civ. P. 166a(b),
(c).

When
both parties move for summary judgment and the trial court grants one motion
and denies the other, the reviewing court should review both parties’ summary
judgment evidence and determine all questions presented.  Mann
Frankfort, 289 S.W.3d at 848; see Myrad Props., Inc. v. Lasalle
Bank Nat’l Ass’n, 300 S.W.3d
746, 753 (Tex. 2009).  The reviewing court should render the judgment that
the trial court should have rendered.  Mann Frankfort, 289 S.W.3d at 848.

Proper
Construction of Deed Reservation

In
its first issue, Sundance contends that the trial court should have granted its
summary judgment and denied appellees’ because the
royalty reservation in the deed should be construed to reserve to appellees only a fixed, fractional nonparticipating royalty
interest or 1/16th of any royalty.

When
interpreting a deed just as in interpreting a contract, the intent of the
parties is to be determined from the express language found within the four
corners of the document.  Luckel v. White, 819 S.W.2d 459, 461–63
(Tex. 1991).  Construction of an unambiguous deed is a question of
law to be resolved by the court.  Id.  All parts of the deed
are to be harmonized, construing the instrument to give effect to all of its
provisions.  Id.  Here, both parties agree that the deed’s
reservation language is unambiguous.

It
is well-settled that a mineral estate is comprised of five separate and distinct
interests:  1) the right to develop, 2) the right to lease, 3) the right
to receive bonus payments, 4) the right to receive delay rentals, and 5) the
right to receive royalty payments.  French v. Chevron
U.S.A., 896 S.W.2d 795, 797 (Tex. 1995); In re
Estate of Slaughter, 305 S.W.3d 804, 808 (Tex.
App.––Texarkana 2010, no pet.).  When a mineral estate is conveyed,
all interests are transferred unless they are specifically reserved to the
grantor.  Slaughter, 305 S.W.3d
at 808.  As the Texas supreme court has recognized,

The words “royalty,”
“bonus,” and “rentals” have a well-understood meaning in the oil and gas
business. Likewise, “minerals” and “mineral rights” have a well-recognized
meaning. Broadly speaking, a reservation of minerals or mineral rights without
limitation would include royalties, bonuses, and rentals. A conveyance of land
without reservations would include all minerals and mineral rights. However, it
is well settled that a grantor may reserve minerals or mineral rights and he
may also reserve royalties, bonuses, and rentals, either one, more or all. Here
we have a reservation of only “royalty rights.” It is obvious, it seems to us,
that this does not include a reservation of bonuses or rentals, but only of an
interest in oil, gas, or minerals paid, received, or realized as “royalty”
under any lease existing on the land at the time of the reservation, or
thereafter executed by the grantee, his heirs or assigns.

 

Schlittler
v. Smith, 101 S.W.2d 543, 544 (Tex.
1937).  Further, a royalty interest is nonparticipating in
nature and does not entitle the owner to any share of ordinary cash or other
bonuses, or of delay rentals.  Slaughter, 305 S.W.3d at 809.

A
“fractional royalty” interest entitles the owner to the specified fractional
amount stated in the deed of oil, gas, or other minerals
produced from the land and remains constant regardless of the amount of
royalty contained in a subsequently-negotiated oil and gas lease.  Range
Res. Corp. v. Bradshaw, 266 S.W.3d 490, 493 (Tex.
App.––Fort Worth 2008, pets. denied) (op. on reh’g). 
A “fraction of royalty” conveys a fractional share of the royalty that is
contained in an oil and gas lease––it is not fixed, but rather “floats” in
accordance with the size of the landowner’s royalty contained in the lease and,
in addition to the landowner’s royalty, the fraction of nonparticipating
royalty also shares proportionally in any overriding royalty interest reserved
in the oil and gas lease, and the holder of the executive right owes a duty to
the nonparticipating royalty interest owner in establishing the landowner’s
royalty in an oil and gas lease.  Id.  The amount to be paid
to the owner is determinable upon the execution of some future lease and is
calculated by multiplying the fraction in the royalty reservation by the
royalty provided in a lease.  Id.

Here,
the deed first purports to reserve one-half of the mineral estate to the
Holders, which reservation, if not later qualified, would have entitled them
and their successors to one-half of any royalty paid under a lease, as well as
a one-half interest in any bonuses and rentals.  See Schlittler, 101 S.W.2d
at 544–45.  However, the latter part of the deed states that the
right to receive bonuses and lease money, and to develop the mineral estate, is
the exclusive right of the grantee.  The language of the deed itself thus
shows that the Holders intended to reserve only a part of the royalty interest
to themselves; the later language thus clarifies the nature of that interest
rather than the amount, serving to distinguish the type of interest reserved
from the other four parts of a mineral estate.  See id. at 544.  The fact that the Holders describe that
royalty interest in the qualifying language of the deed as “one half of the
usual one eighth” does not compel the conclusion that they intended to further
limit the previously described one-half of the total royalty to only a fixed
one-sixteenth (i.e., one-half multiplied by one-eighth).  See Luckel, 819 S.W.2d
at 462–65.  Reading the document as a whole, it is clear they
intended to reserve to themselves and their successors one-half of “such
royalty as may be reserved in any oil, gas, or mineral lease,” and that the
“one half of the usual one eighth” language is merely an example showing the type
of interest they intended to reserve, not a further limitation.  See
id. at 464–65; Schlittler,
101 S.W.2d at 545; cf., e.g., Hudspeth v.
Berry, No. 02-09-00225-CV, 2010 WL 2813408, at *4 (Tex. App.––Fort Worth
July 15, 2010, no pet.) (mem.
op.) (holding that deed language reserving an
“undivided 1/40th royalty interest (being 1/5 of 1/8th)” described a fixed 1/40
of whatever fractional royalty was then being paid and that parenthetical was
merely illustrative and did not change nature of fractional interest being
reserved).[1]

Accordingly,
we conclude and hold that the trial court did not err by granting summary
judgment for appellees and denying Sundance’s motion
for summary judgment.  We overrule Sundance’s first issue.

Attorney’s
Fees

In
its second point, Sundance contends that the trial court’s award of attorney’s
fees to appellees should be reversed because (a) the
trial court should have granted its motion for summary judgment and not appellees’, or (b) alternatively, there is no evidence to
support the award of attorney’s fees to appellees. 
Because we have already determined that the trial court did not err by denying
Sundance’s motion for summary judgment, we need not address that part of
Sundance’s second issue claiming that it was entitled to attorney’s fees. 
Therefore, we will address only whether there was legally sufficient evidence
to support the award of attorney’s fees to appellees.

In a
declaratory judgment action, the trial “court may award costs and reasonable
and necessary attorney’s fees as are equitable and just.”  Tex. Civ. Prac. Rem.
Code Ann. § 37.009 (West 2008); State & Cnty.
Mut.
Fire Ins. Co. ex rel. So. United Gen. Agency of Tex. v. Walker, 228 S.W.3d 404, 407  (Tex.
App.—Fort Worth 2007, no pet.).  Whether the fees are reasonable and
necessary are questions of fact.  GuideOne Elite Ins. Co. v. Fielder Rd. Baptist Church, 197 S.W.3d 305, 311–12 (Tex. 2006); State & Cnty. Mut., 228 S.W.3d at 407.  We
review reasonableness and necessity of attorney’s fees for sufficiency of the
evidence.  State & Cnty.
Mut.,
228 S.W.3d at 407.

Sundance
has raised only a legal sufficiency challenge to the evidence supporting the
attorney’s fees award.  We may sustain a legal sufficiency challenge only
when (1) the record discloses a complete absence of evidence of a vital fact;
(2) the court is barred by rules of law or of evidence from giving weight to
the only evidence offered to prove a vital fact; (3) the evidence offered to
prove a vital fact is no more than a mere scintilla; or (4) the evidence
establishes conclusively the opposite of a vital fact.  Uniroyal
Goodrich Tire Co. v. Martinez, 977 S.W.2d 328,
334 (Tex. 1998), cert. denied, 526 U.S. 1040 (1999); Robert W. Calvert, "No
Evidence" and "Insufficient Evidence" Points of Error, 38
Tex. L. Rev. 361, 362–63 (1960).  In determining whether there is legally
sufficient evidence to support the finding under review, we must consider
evidence favorable to the finding if a reasonable factfinder
could and disregard evidence contrary to the finding unless a reasonable factfinder could not.  Cent.
Ready Mix Concrete Co. v. Islas,
228 S.W.3d 649, 651 (Tex. 2007); City of
Keller v. Wilson, 168 S.W.3d
802, 807, 827 (Tex. 2005).

Texas
courts consider eight factors when determining the reasonableness of attorney’s
fees, including awards made under the Uniform Declaratory Judgment Act:

(1) the time and labor required, the novelty and difficulty of
the questions involved, and the skill required to perform the legal service
properly;

 

(2) the likelihood . . . that the acceptance of the particular
employment will preclude other employment by the lawyer;

 

(3) the fee customarily charged in the locality for similar
legal services;

 

(4) the amount involved and the results obtained;

 

(5) the time limitations imposed by the client or by the
circumstances;

 

(6) the nature and length of the professional relationship with
the client;

 

(7) the experience, reputation, and ability of the lawyer or
lawyers performing the services; and

 

(8) whether
the fee is fixed or contingent on results obtained or uncertainty of collection
before the legal services have been rendered.

Arthur
Andersen & Co. v. Perry Equipment Corp., 945 S.W.2d 812, 818 (Tex. 1997); State & Cnty. Mut., 228
S.W.3d at 408.  A trial court is not required to
receive evidence on each of these factors, however.  State
& Cnty. Mut., 228 S.W.3d at 408.

         
Sundance contends that appellees’ counsel did not
testify in support of attorney’s fees and that the affidavit he presented to
the trial court “offered minimal, highly conclusory statements.”  Thus,
Sundance contends that counsel’s affidavit is no evidence at all.  Appellees’ counsel stated in the affidavit that he had been
licensed to practice law in the State of Texas since 1964, that he was
personally familiar with suits in “this county similar to” this case, and that
he was “personally familiar with the current normal and reasonable fees charged
in such cases.”  Therefore, he averred that “[a]n attorney’s fee of $12,000
is a reasonable attorney’s fee to be charged in this case and has been
necessarily incurred by the Defendants in the prosecution of this
action.”  He did not attach any billing statements to his affidavit. 
In addition, he averred that he was “additionally familiar with similar types
of cases in this county that are appealed and the current normal and reasonable
attorney’s fees incurred in such cases” and that “$7,500.00 is a reasonable and
necessary attorney’s fee to be incurred by the Defendants in the event of each
appeal or attempt of an appeal taken by the Plaintiff.”

Counsel
thus averred that appellees incurred $12,000 in
attorney’s fees, that he was familiar with the types
of fees charged in similar cases in the county, and that $12,000 was a reasonable
and necessary fee.  Thus, the trial court received evidence on the third
and seventh factors.  An affidavit filed by a summary judgment movant’s attorney that sets forth his qualifications, his
opinion regarding reasonable attorney’s fees, and the basis for his opinion
will be sufficient to support summary judgment, if uncontroverted.  Gaughan v. Nat’l Cutting Horse Ass’n, No. 02-09-00450-CV, 2011 WL 3211217, at
*11  (Tex. App.––Fort Worth July 28, 2011, no pet. h.); Cammack the Cook, L.L.C.
v. Eastburn, 296 S.W.3d
884, 894 (Tex. App.––Texarkana 2009, pet. denied); Basin Credit Consultants,
Inc. v. Obregon, 2 S.W.3d 372, 373 (Tex.
App.––San Antonio 1999, pet. denied).  Under Texas law, “billing records
need not be introduced to recover attorney's fees.”  Air Routing Int'l
Corp. (Canada) v. Britannia Airways, Ltd., 150 S.W.3d
682, 692 (Tex. App.––Houston [14th Dist.] 2004, no pet.); see also In re A.B.P., 291 S.W.3d 91, 99
(Tex. App.––Dallas 2009, no pet.).

In Garcia
v. Gomez, the supreme court reversed the court of appeals’s opinion concluding that an attorney’s testimony
providing evidence on only the third and seventh Andersen factors was
conclusory and therefore no-evidence of reasonableness and necessity.  319 S.W.3d 638, 640–41 (Tex. 2010). 
That testimony, the only evidence of attorney’s fees offered, was as
follows:  “I’m an attorney practicing in Hidalgo County, doing
medical-malpractice law/litigation.  I have done it since 1984.  For
a usual and customary case like this the [sic] fees for handling it up to the
point of dismissal, the reasonable and necessary attorney’s fee for handling
that is 12,200 dollars . . . .”  Garcia v. Gomez, 286 S.W.3d 445, 447 (Tex. App.––Corpus Christi 2008), rev’d in part, 319 S.W.3d
at 643.  The supreme court held that “[w]hile the attorney’s testimony lacked specifics, it was not,
under these circumstances, merely conclusory.  It was some evidence of
what a reasonable attorney’s fee might be in this case.”  319 S.W.3d at 641.

The
attorney’s testimony in Garcia is similar to the affidavit testimony
from appellees’ counsel in this case; in fact, appellees’ counsel’s affidavit testimony went further than
the testimony in Garcia when he averred that the fees were “necessarily
incurred by” appellees.  See Tex. R. Civ.
P. 166a(c), (f) (providing that summary judgment may
be based on proper affidavit testimony).  Other courts of appeals have
concluded that similar affidavit testimony is at least “some evidence” of
reasonable and necessary attorney’s fees sufficient to survive a legal
sufficiency challenge.  See Giron
v. Baylor Univ. Med. Ctr., No. 05-09-00825-CV, 2011 WL 149981, at *5 (Tex.
App.––Dallas Jan. 19, 2011, pet. denied) (mem. op.) (following Garcia v. Gomez in holding that similar
affidavit not conclusory); Peoples v. Genco Fed. Credit Union, No. 10-09-00032-CV,
2010 WL 1797266, at *7 (Tex. App.––Waco May 5, 2010, no pet.)
(mem. op.); In re Estate of Tyner, 292 S.W.3d 179, 184–85 (Tex. App.––Tyler 2009, no pet.); Shields
v. Delta Lake Irrigation Dist., No. 13-01-00622-CV, 2006 WL 1280863, at *10
(Tex. App.––Corpus Christi May 11, 2006, pet. denied) (mem.
op.); Bethel v. Butler Drilling Co., 635 S.W.2d
834, 841 (Tex. App.––Houston [14th Dist.] 1982, writ ref'd n.r.e.). 
But see Eberstein v. Hunter,
260 S.W.3d 626, 630 (Tex. App.––Dallas 2008, no pet.)
(holding similar affidavit conclusory and therefore no
evidence of attorney’s fees).  Accordingly, we conclude and hold that
counsel’s affidavit here was not conclusory and was therefore sufficient under
the Andersen factors to support the trial court’s award of $12,000 in
attorney’s fees and $7,000 in appellate attorney’s fees.  See, e.g., Garcia, 319 S.W.3d at
640–41.

We
conclude and hold that the award of attorney’s fees is supported by sufficient
evidence.  We therefore overrule the second part of Sundance’s second
issue challenging the sufficiency of the evidence of attorney’s fees.

Although
we have concluded that there is legally sufficient evidence supporting the
amount of fees, Sundance also complains that the award of appellate attorney’s
fees is improper because it is unconditional.  An unconditional award of
attorney’s fees has a chilling effect on the paying party’s exercise of legal
rights.  In re Ford Motor Co., 988 S.W.2d
714, 722–23 (Tex. 1998) (orig. proceeding).  Accordingly, an award of
appellate attorney’s fees must be conditioned on any appeal’s being
unsuccessful.  Keith v. Keith, 221 S.W.3d
156, 171 (Tex. App.––Houston [1st Dist.] 2006, no pet.); see In re Ford
Motor Co., 988 S.W.2d at 721.  The proper
remedy for an unconditional award of appellate attorney’s fees is to modify the
judgment so that the award depends on the paying party’s lack of success on
appeal.  Hoefker v. Elgohary, 248 S.W.3d 326, 332 (Tex. App.––Houston [1st Dist.] 2007, no
pet.).  We will therefore modify the judgment to make the award of
appellate attorney’s fees contingent upon an unsuccessful appeal.  See, e.g., Solomon v. Steitler,
312 S.W.3d 46, 62 (Tex. App.––Texarkana 2010, no
pet.).  We sustain Sundance’s second issue in part.

Conclusion

         
Having sustained part of Sundance’s second issue regarding appellate attorney’s
fees, we modify the judgment to make the award of appellate attorney’s fees
contingent upon an unsuccessful appeal.  We affirm the remainder of the judgment
as modified.

 

 

TERRIE LIVINGSTON
CHIEF JUSTICE

 

PANEL: 
LIVINGSTON, C.J.; WALKER and GABRIEL, JJ.

 

GABRIEL,
J. filed a concurring and dissenting opinion.

 

DELIVERED:  October 20,
2011

 


 
 
 
 
 
 


 





 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

NO. 02-10-00403-CV

 

 


 
 
 Sundance Minerals, L.P.
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 Wanda Jo Moore, Individually and as Trustee of the
 Ruth Holder Testamentary Trust; Maxine Holder, Individually and as Trustee of
 the Herbert Holder and Maxine Holder Trust; Robert E. Holder; Ricky Joe
 Holder; Terry S. Holder; Philip B. Holder; JANILEE
 HOLDER WISDOM; SCOTTY D. PLASTER; REX l. PLASTER; AND LARRY F. pLASTER
 
 
  
 
 
 APPELLEES
 
 


 

 

----------

 

FROM THE 355th District Court OF Hood COUNTY

----------

 

CONCURRING
AND DISSENTING OPINION

----------

         
I agree with the majority’s opinion that the deed at issue reserved a “fraction
of royalty” and that the trial court did not err in its ruling on the competing
motions for summary judgment.  I disagree, however, that there was legally
sufficient evidence to uphold the award of attorney’s fees.

         
The appellees’ attorney’s affidavit—the only evidence
offered to support the award—states, in whole,

          I
am the attorney of record for the Defendants in the above entitled and numbered
cause.  I am over eighteen (18) years of age, of sound mind, and fully
competent and capable of making this Affidavit.  I am a licensed attorney,
licensed to practice in the State of Texas, having been licensed to practice
since September, 1964.  I am personally familiar with suits in this county
similar to the above entitled and numbered cause and am personally familiar
with the current normal and reasonable fees charged in such cases.  An
attorney’s fee of $12,000.00 is a reasonable attorney’s fee to be charged in
this case and has been necessarily incurred by the Defendants in the
prosecution of this action.  I am additionally familiar with similar types
of cases in this county that are appealed and the current normal and reasonable
attorney’s fees incurred in such cases.  In the event of an appeal of this
case, $7,500 is a reasonable and necessary attorney’s fee to be incurred by the
Defendants in the event of each appeal or attempt of an appeal taken by the
Plaintiff.  This affidavit is made in furtherance of Defendants [sic]
Motion for Summary Judgment.

An
uncontroverted affidavit is generally sufficient to support an award of
attorney’s fees when it “sets forth his qualifications, his opinion regarding
reasonable attorney’s fees, and the basis for his opinion.”  Cammack the Cook, L.L.C.
v. Eastburn, 296 S.W.3d
884, 894 (Tex. App.—Texarkana 2009, pet. denied) (emphasis added).  The
affidavit in this case sets forth the attorney’s qualifications and his opinion
regarding reasonable attorney’s fees, but it provides no basis for his
opinion.  See Garcia v. Gomez, 319 S.W.3d
638, 648 (Tex. 2010) (Johnson, J., dissenting) (disagreeing that an affidavit
was probative evidence of reasonable attorney’s fees “because it does not
contain the underlying factual basis on which it rests”).  The
reasonableness of an attorney’s fee has long been analyzed under the factors
set forth in Arthur Andersen & Co. v. Perry Equip. Corp., 945 S.W.2d 812, 818–19 (Tex. 1997).  While there does not
need to be evidence on each factor, the affidavit must set forth facts “which
would be admissible in evidence” for the affidavit to constitute proper summary
judgment evidence.  Cammack the Cook,
296 S.W.3d at 894.  The
affidavit in this case sets forth no admissible evidence.  It does not
state what type of fee arrangement was made, what the attorney’s hourly fee
was, what he actually charged his client, the amount of time it took, or
indeed, that he actually performed any of the work.  See Garcia,
319 S.W.3d at 645 (Jefferson, J., dissenting) (noting
that the affidavit did not “state an amount of fees actually charged” or “the
amount of time [the attorney] spent on this case or even his hourly rate” and
noting that “[i]n no other area of the law would we
credit such [statements] as ‘evidence’”).  It is conclusory and, as such,
cannot support an award of attorney’s fees.

         
The majority points to a number of cases with “similar affidavit testimony”
which was found sufficient.  However, of those opinions which contain a
full description of the affidavit, the affidavit in this case falls below them
all.  See Giron v. Baylor Univ.
Med. Ctr., No. 05-09-00825-CV, 2011 WL 149981, at *6 (Tex. App.—Dallas Jan.
19, 2011, pet. denied) (mem. op.) (stating
that the attorney provided his services based on the fee agreement); Peoples
v. Genco Fed. Credit Union, No. 10-09-00032-CV, 2010 WL 1797266, at *7 (Tex.
App.—Waco May 5, 2010, no pet.) (mem. op.) (noting that the attorney “investigated the
facts surrounding this matter, [and] spent reasonable time in the defense of
the suit,” and that the $7,500 amount was reasonable “based on the work
performed by . . . counsel, the traditional elements for determining a
reasonable fee, the customary fees for work of a similar nature, [and] the
responsibility assumed”); In re Estate of Tyner, 292 S.W.3d
179, 184 (Tex. App.—Tyler 2009, no pet.) (stating that
attorney swore to personal knowledge of the services rendered).  Shields
v. Delta Lake Irrigation Dist., No. 13-01-00622-CV, 2006 WL 1280863, at *8
(Tex. App.—Corpus Christi May 11, 2006, pet. denied) (mem.
op.), simply states that an affidavit by counsel “supported its request” with
no further details and thus provides no support for the majority’s position.
 Bethel v. Butler Drilling Co., 635 S.W.2d
834, 839 (Tex. App.—Houston [14th Dist.] 1982, writ ref’d n.r.e.),
involved testimony from the stand, not an affidavit, and did not recount all of
the attorney’s testimony.

         
I understand that the majority feels bound by the supreme
court’s ruling in Garcia.[2] 
However, I agree with the dissents by Justice Jefferson and Justice Johnson
that the majority’s holding in Garcia is a significant departure from Arthur
Andersen.  See Garcia, 319 S.W.3d
at 648 (Johnson, J., dissenting) (“Without saying why, the Court departs
significantly from the evidence requirements for determining reasonable fees we
set out in Arthur Andersen.”).  To allow ipse dixit by a witness to
transform into admissible evidence simply because it is the ipse dixit of an
attorney creates a separate standard for expert testimony by attorneys that is
enjoyed by no other occupation.  To rationalize that disparate treatment
of attorneys by stating that an opposing attorney has the means and knowledge
to contest the requested amount is to effectively reduce the burden of proof on
the party seeking attorney’s fees.  See id. (Johnson, J.,
dissenting) (“[I]t is hard to see valid reasons for holding that conclusory
testimony, which according to long-standing precedent has no probative force,
is converted to evidence with probative value because an adverse party has
information or knowledge about matters underlying the testimony.”).  Surely
we should not favor the legal profession by such a holding.  Further, the
facts of this case are distinguishable from Garcia in that this case
does not arise under a statute requiring a mandatory award of attorney’s
fees.  I would reverse the trial court’s award of attorney’s fees to the appellees.

 

 

LEE GABRIEL
JUSTICE

 

DELIVERED:  October 20,
2011











[1]We
agree with Sundance that those cases involving deeds with minimum royalty
language are not applicable here because the 1958 deed does not contain minimum
royalty language.  See, e.g., Hausser v.
Cuellar, 345 S.W.3d 462, 468 (Tex. App.––San
Antonio 2011, pet. denied) (en banc); Range Res. Corp. v. Bradshaw, 266 S.W.3d 490, 493–94 (Tex. App.––Fort Worth 2008, pets.
denied) (op. on reh’g).  For this reason,
Sundance’s argument that adopting appellees’
construction of the deed is in accordance with the overruled case of Alford
v. Krum, 671 S.W.2d 870 (Tex. 1984), is not
persuasive, nor is its argument that the “one half of one eighth” language
refers to future leases persuasive because the 1958 deed did not describe an
existing lease at the time of its execution unlike the deeds in other cases construing
future lease language.





[2]The
majority in Garcia found the affidavit in that case to be
sufficient.  “While the attorney’s testimony lacked specifics, it was not,
under these circumstances, merely conclusory.”  19 S.W.3d at 641 (emphasis added).  It should be
acknowledged that Garcia was a case decided under the Texas Medical
Liability Act, which requires a trial court, upon proper motion, to dismiss a
claim and award reasonable attorney’s fees and costs to a physician or
provider.  See Tex. Civ. Prac. Rem. Code
Ann. § 74.351(b)(2) (West 2011).  The
above-quoted language of the majority implicitly limits the applicability of
the holding to the facts of a case where attorney’s fees are not discretionary.