GREG NEELEY, Justice
I concur with the majority’s opinion that the trial court did not err in the formula used' in calculating its damage award and fa refusing to allow the Weakses to assert the common law defenses of estoppel and laches. While I agree that' the Weakses waived error as to White’s failure to segregate between legal fees that were properly recoverable from those for which recovery was not authorized, I disagree with the majority’s affirming the award of attorney’s fees to White. A trial court’s summary judgment determination is reviewed de novo. Mann Frankfort Stein & Lipp Advisor’s, Inc. v. Fielding, 289 S.W.3d 844, *441 848 (Tex.2009); Valence Operating Co. v. Dorsett, 164 S.W.3d 656, 661 (Tex.2005). In conducting a de novo review of the trial court’s summary judgment, the appellate court can review the pleadings and evidence to determine whether the trial- court properly granted judgment. See Stevens v. State Farm Fire & Cas. Co., 929 S.W.-2d 665, 670 (Tex.App.-Texarkana 1996, writ denied); Bean v. Reynolds Realty Grp., Inc., 192 S.W.3d 856, 860-61 (Tex.App.-Texarkana 2006, no pet.). The summary judgment evidence must still support the appellate burden of showing no genuine issue of material fact exists and that appellee is entitled to judgment as a matter of law. Nixon v. Mr. Property Mgmt. Co., 690 S.W.2d 546, 548-49 (Tex.1985). 'Because I believe the affidavit' filed by White’s attorney to be legally insufficient to support the attorney’s fees award, I respectfully dissent.
To constitute proper summary judgment evidence, an affidavit must be made on personal knowledge, set forth facts that would be admissible in evidence, and shdw the affiant’s competence. Tex. R. Civ. P. 166a(f); United Blood Sews. v. Longoria, 938 S.W.2d 29, 30 (Tex.1997). The affidavit must be based on facts and cannot merely recite factual conclusions. Conclu-sory statements that are not Supported by facts are not proper summary judgment proof because they are not credible[1] or susceptible to being readily controverted and therefore, constitute no evidence at all. See Elizondo v. Krist, 415 S.W.3d 259, 264 (Tex.2013); McIntyre v. Ramirez, 109 S.W.3d 741, 749-50 (Tex.2003); Ryland Grp. v. Hood, 924 S.W.2d 120, 122 (Tex. 1996).
An affidavit that is merely a sworn statement of the allegations in a pleading or that simply paraphrases statutory language is conclusory and lacks probative force. See Lenoir v. Marino, 469 S.W,3d 669, 686 (Tex.App.-Houston [1st Dist.] 2015, rule 53.7(f) motion granted) (not yet released for publication); Nichols v. Lightle, 153 S.W.3d 563, 570 (Tex.App.-Amarillo. 2004, pet. denied). A summary judgment affidavit must state that it is based on the affiant’s -personal knowledge and that' the facts in it are true:; Kerlin v. Anas, 274 S.W.3d 666, 668 (Tex.2008). But the mere recitation' that the- affidavit is based on personal knowledge is inadequate if the affidavit does -not positively show a basis, for the knowledge. . The affidavit must explain how the affiant has personal knowledge. Valenzuela v. State & Cnty. Mut. Fire Ins. Co., 317 S.W.3d 550, 552-53 (Tex.App.-Houston [14th. Dist.] 2010, no pet.).
'■ The evidence before us in support of White’s claim for attorney’s fees' is the affidavit of White’s attorney. That affidavit states as follows:
“My name is Jane Parreiras-Horta. I am over 18 years of age, of sound mind, and fully competent to make this affidavit. I have personal knowledge of the facts stated herein and they are all true andcorrect.
On March 2, 2012; Movant employed me in connection with the matter on which this suit is based. I have spent 71 hours on this case. However, I am asking for compensation for only 41 hours which includes doing or causing to be done the following:
Plaintiffs claim agaiiist Defendant was investigated, including researching real property records.
Demand was made cm Defendants.
Suit, was prepared and.filed, including obtaining ex parte relief.
Possible resolutions were discussed.
Discovery requests were prepared and served.
*442 A motion[1] for summary judgment was prepared.
Based on my education, training and experience, it is m'y opinion that a reasonable hourly rate for my time in this case is $250.00. Movant is entitled to recover the • reasonable attorney’s ■ fees requested herein pursuant to Tex. PROP. Code.*Am § 5.077(c)(2).- .
It ás my opinion that these fees are reasonable attorney’s fees based upon the.following factors:
1. ■ The novelty and difficulty of the issues involved, the skill required to provide the legal services properly, and the experience, reputation, and expertise of- the lawyer or lawyers performing the services;
2. The time and labor involved to perform the legal services properly; and. ■
3. The fee customarily charged in the community for similar services.”[1]
The Texas Supreme has identified eight factors the fact finder should consider when determining the reasonableness of an award of attorney’s fees. Arthur Andersen & Co. v. Perry Equip. Corp., 945 S.W.2d 812, 818-19 (Tex.1997) (quoting Tex; Disciplinary R. Prof. Conduct 1.04, reprinted in Tex Gov”t Code, tit. 2, subtit. G. app. A (State Bar Rules, art. X, -§ 9) (West 2013)). A party seeking attorney’s fees is not required to present evidence on all these factors. Weaver v. Jamar, 383 S.W.3d 805, 814 (Tex.App.-Houston [14th Dist.] 2012, no pet.); State & Cnty. Mut. Fire Ins. Co., 228 S.W.3d 404, 408 (Tex. App.-Fort Worth 2007, no pet.). While the Arthur Andersen factors represent well established guidelines in presenting evidence to support a claim for attorney’s fees, it has become less clear when general unsupported statements contained within uncontroverted affidavits become so general as to become conclusory. The result is uncertainty to both practitioners and trial courts as to where, if there is one at all, the line is between probative and concluso-ry statements when uncontroverted affidavits fail to contain underlying facts.
■ In Garcia v. Gomez, 319 S.W.3d 638, 648 (Tex.2010), the Texas Supreme Court examined the sufficiency of attorney’s fees evidence, which did not include underlying facts to support the testifying attorney’s opinions. That relevant testimony is as follows:
My name is Ronald Hole. I’m an attorney practicing in Hidalgo County, doing medical-malpractice law/litigation. I have .done it since 1984. For a usual and customary case like this these fees for handling it up to the point of dismissal, the reasonable and necessary attorney’s fees for handling that is 12,200.
No billing statements were attached and are not required under Texas law. See In re A.B.P., 291 S.W.3d, 91, 99 (Tex.App.Dallas 2009, no pet.); Air Routing Int’l Corp (Canada) v. Britannia Airways, Ltd., 150 S.W.3d 682, 692 (Tex.App.-Houston [14th Dist.] 2004, no pet.). Opposing counsel ,did not cross-examine the witness, present any evidence on the issue of attorney’s fees, or. question the reasonableness of any of the fees.
The court of appeals affirmed the trial court’s finding this testimony was conclu-sory in.denying an award of attorney’s fees and further concluded the attorney’s testimony was insufficient because it failed to establish the party actually incurred attorney’s fees which the court described as “an essential statutory element.” Garcia v. *443 Gomez, 286 S.W.3d 445, 449 (Tex.App.Corpus Christi, rev’d, by Garcia v. Gomez, 319 S.W.3d 638 (Tex.2010)). In a split decision, the Texas Supreme Court reversed the court of appeals and remanded the issue of attorney’s fees to the trial court. In doing so, the majority stated “[a]n attorney’s testimony about the reasonableness of his or her own fees is not like other expert testimony_ The attorney’s testimony is not objectionable as merely conclusory because the opposing party, or that party’s attorney, likewise has some knowledge of the time and effort involved and if the matter is truly in dispute, may effectively question the attorney regarding the reasonableness of his fee.” Garcia, 319 S.W.3d at 641. Under the circumstances in that case, the majority found the testimony to not be merely con-clusory, though the testimony lacked specifies, in that the testimony represented some evidence of what a reasonable attorney’s fee might be in that case.
Justice Jefferson dissented pointing out the gaps in the attorney’s fee testimony and cited numerous cases where the Texas Supreme Court had held a party seeking an award of attorney’s fees carries the burden of proof and waives.the right to those fees when it fails to produce evidence of attorney’s fees. Id. at 645-47 (Jefferson, C.J., dissenting). Justice Johnson joined in Justice Jefferson’s dissent, and in his own dissent pointed out the rule has long been that whether testimony is conclusory turns on the .testimony itself, not on whether the opposing party or his attorney has knowledge of the matters underlying the testimony and examines the testifying witness. He disagreed with the majority’s view that attorney’s testimony about reasonableness of his or her fees is different from other expert’s testimony and failed to see valid reasons for the majority’s holding that conclusory testimony, which according to longstanding precedent has no probative force, is converted to evidence with probative force because an adverse ■ party has- information or knowlédge abóut matters underlying the -testimony. Id. at 648 (Johnson, ■ J!, dissenting); • Both-believed the testimony was insufficient to-support an award-of attorney’s fees and would have affirmed the court of appeals’ judgment.
The Fort Worth court of appeals in Sun-dance Minerals L.P., v. Moore,. 3.54 S.W.3d 507, 515 (Tex.App.-Fort Worth 2011, pet. denied), following the holding in Garcia, found that, general statements without specifics represent evidence of reasonable and necessary attorney’s fees sufficient to survive a legal sufficiency challenge. The court cited Garcia, and numerous courts of appeals eases in which similar affidavits were found to not be conclusory. Justice Gabriel dissented by distinguishing the affidavit before the court from those in cases relied on by the majority.
Other' courts of appeals have accepted uncontroverted testimony as a matter of law as to the' reasonableness of attorney’s fees not supported by underlying facts when the testimony is clear, positive, and direct, especially when the Opposing party had the means and opportunity to disprove and failed to do so. Clary Corp. v. Smith, 949 S.W.2d 452, 469 (Tex.App.-Fort Worth 1997, no writ). However, the Dallas court in Eberstein v. Hunter, 260 S.W.3d 626, 630 (Tex.App.-Dallas 2008, ho pet.), held that an uncontroverted attorney’s fees affidavit similar to the one in Garcia was conclusory and therefore, no evidence of attorney’s fees.
This court in In re Estate of Tyner, 292 S.W.3d. 179, 184 (Tex.App.-Tyler 2009, no pet.), held that an uncontroverted affidavit filed by. the movant’s attorney in a summary judgment proceeding that sets forth the affiant’s qualifications, opinions regard *444 ■ing reasonable attorney’s fees, and the basis for the opinions will be sufficient .to support a summary judgment award of attorney’s fees. - The affidavit, upheld in Estate of Tyner reflected the affiant was,a licensed attorney who was familiar with the reasonable and . necessary fees charged, had personal knowledge of the services rendered to appellee in the case and that stated those services were reasonable, necessary, and customary. This affidavit was found to be legally sufficient to support thé trial court’s attorney’s fees award in' the absence of the appellant’s presenting controverting evidence raising a fact issue. See also Cammack the Cook, L.L.C. v. Eastburn, 296 S.W.Sd 884, 894 (Tex.App.-Texarkana 2009, pet. denied); Gaughan v. Nat’l Cutting Horse Ass’n, 361 S.W.3d 408; 422 (Tex.App.-Fort Worth 2011, pet. denied): , .
Though the legally sufficient 'threshold for an uncontroverted affidavit is minimal, I feel the affidavit in this case falls below that minimum threshold for the following reasons. First, the affidavit fails to state the affiant’s qualifications. The affidavit is silent about whether affiant is an attorney. While the affiant bases her. opinion as to what a reasonable hourly rate for “my time” would be on “my education, training, and experience,” the affidavit fails to state any specifics as to her education, training, and experience to support her opinion. The record before us, in our de novo review, contains a sworn IOLTA Certificate signed by the affiant.as well as another affidavit verifying that the Request for Admissions served on the Weakses were not answered in which affiant averred she “is the attorney of record for plaintiff in this case.” White’s pleadings also reflect the affiant is White’s attorney. This does not change my view. As a-general rule, pleadings are not summary judgment evidence. Laidlaw Waste Sys. v. City of Wilmer, 904 S.W.2d 656, 660 (Tex.1995). I do not believe a sworn statement that merely states the affiant is the attorney for the party seeking attorney’s fees-sufficiently sets forth 'the affiant’s qualifications.
Second, the affidavit fails to set forth the specifics of affiant’s personal knowledge of the novelty and difficulty or the issues presented in this case, the, skill required to provide the needed legal services to White, or the experience and expertise of the lawyer, or lawyers performing the legal services. The affidavit does not specify how many cases of this nature affiant had handled, or whether she was “personally familiar” with the Arthur Andersen factors listed, or what a customary fee, for similar services would be in .the community. Absent such information, the statements are so general as to be merely -conclusory. The affidavit fails to affirmatively show a basis for.,the personal knowledge affiant has of facts supporting her opinions. See Valenzuela, 317 S.W.3d at 652-53.
I cannot agree that an affidavit in support of attorney’s fees that does not set forth the affiant’s qualifications or affirmatively show the basis of the affiant’s personal knowledge is sufficient to support an attorney’s fee award and is therefore, distinguishable from Garcia and our holding in Estate of Tyner. Such would undermine the basic evidentiary requirements of Texas Rule of Civil Procedure 166a(f). Accordingly, T would reverse the trial court’s award of attorney’s fees to White.