

# COURT OF APPEALS

## SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-10-00403-CV

SUNDANCE MINERALS, L.P.          APPELLANT

V.

WANDA JO MOORE,          APPELLEES
INDIVIDUALLY AND AS TRUSTEE
OF THE RUTH HOLDER
TESTAMENTARY TRUST; MAXINE
HOLDER, INDIVIDUALLY AND AS
TRUSTEE OF THE HERBERT
HOLDER AND MAXINE HOLDER
TRUST; ROBERT E. HOLDER;
RICKY JOE HOLDER; TERRY S.
HOLDER; PHILIP B. HOLDER;
JANILEE HOLDER WISDOM;
SCOTTY D. PLASTER; REX. L.
PLASTER; AND LARRY F.
PLASTER

----------

FROM THE 355TH DISTRICT COURT OF HOOD COUNTY

----------

## OPINION

----------

This is an appeal from a summary judgment in favor of appellees Wanda Jo Moore and Maxine Holder, in their individual and other capacities, and Robert E. Holder, Ricky Joe Holder, Terry S. Holder, Philip B. Holder, Janilee Holder Wisdom, Scotty D. Plaster, Rex. L. Plaster, and Larry F. Plaster on their counterclaim in this suit to determine the type of royalty reserved in a deed. Appellant Sundance Minerals, L.P. contends in two issues that (1) the trial court erred by granting appellees' motion for summary judgment contending that the deed reserved a fraction of a royalty and denying its motion that the deed instead reserved a fixed, fractional, nonparticipating royalty and (2) the trial court erred in awarding attorney's fees to appellees. We modify the trial court's judgment and affirm it as modified.

**Background**

In 1958, J.B. Holder and Ruth Holder conveyed 515 acres of real property to J.D. Armstrong and Ophelia Armstrong. The Holders, however, reserved in the deed "an undivided and non-participating one-half interest in the oil, gas, and other mineral rights." The deed further stated that the Holders "shall be entitled to one half of the usual one eighth royalty received forsuch [sic] oil, gas and other minerals produced from said land."

Sundance is the successor-in-interest to the Armstrongs; appellees are the successors to the Holders. In 2003, Sundance leased the land to Quicksilver Resources for a one-fifth royalty. Appellees contend that the 1958 reservation entitles them to one-half of whatever royalty is payable at any given time under a

2

lease on the property; in this case, one-half of the one-fifth royalty payable under Sundance's lease with Quicksilver (a one-tenth overall royalty). Sundance asserts that appellees are entitled to only half of a normal one-eighth royalty (one-sixteenth overall).

Sundance sued appellees seeking a declaratory judgment that the 1958 deed reserved only a fixed, nonparticipating one-sixteenth royalty. Sundance also sought attorney's fees. Appellees counterclaimed based on their interpretation that they own one-half of the actual royalty collected by Sundance; they also asked for attorney's fees. Both parties moved for summary judgment. The trial court granted appellees' motion and awarded attorney's fees to appellees.

## Summary Judgment Standard of Review

We review a summary judgment de novo. *Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010). We consider the evidence presented in the light most favorable to the nonmovant, crediting evidence favorable to the nonmovant if reasonable jurors could, and disregarding evidence contrary to the nonmovant unless reasonable jurors could not. *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009). We indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *20801, Inc. v. Parker*, 249 S.W.3d 392, 399 (Tex. 2008). A defendant who conclusively negates at least one essential element of a cause of action is entitled to summary judgment on that claim. *Frost Nat'l Bank v. Fernandez*, 315 S.W.3d

3

494, 508 (Tex. 2010), *cert. denied*, 131 S. Ct. 1017 (2011); *see* Tex. R. Civ. P. 166a(b), (c).

When both parties move for summary judgment and the trial court grants one motion and denies the other, the reviewing court should review both parties' summary judgment evidence and determine all questions presented. *Mann Frankfort*, 289 S.W.3d at 848; *see Myrad Props., Inc. v. Lasalle Bank Nat'l Ass'n*, 300 S.W.3d 746, 753 (Tex. 2009). The reviewing court should render the judgment that the trial court should have rendered. *Mann Frankfort*, 289 S.W.3d at 848.

### Proper Construction of Deed Reservation

In its first issue, Sundance contends that the trial court should have granted its summary judgment and denied appellees' because the royalty reservation in the deed should be construed to reserve to appellees only a fixed, fractional nonparticipating royalty interest or 1/16th of any royalty.

When interpreting a deed just as in interpreting a contract, the intent of the parties is to be determined from the express language found within the four corners of the document. *Luckel v. White*, 819 S.W.2d 459, 461–63 (Tex. 1991). Construction of an unambiguous deed is a question of law to be resolved by the court. *Id*. All parts of the deed are to be harmonized, construing the instrument to give effect to all of its provisions. *Id*. Here, both parties agree that the deed's reservation language is unambiguous.

4

It is well-settled that a mineral estate is comprised of five separate and distinct interests:  1) the right to develop, 2) the right to lease, 3) the right to receive bonus payments, 4) the right to receive delay rentals, and 5) the right to receive royalty payments.  *French v. Chevron U.S.A.*, 896 S.W.2d 795, 797 (Tex. 1995); *In re Estate of Slaughter*, 305 S.W.3d 804, 808 (Tex. App.—Texarkana 2010, no pet.).  When a mineral estate is conveyed, all interests are transferred unless they are specifically reserved to the grantor.  *Slaughter*, 305 S.W.3d at 808.  As the Texas supreme court has recognized,

> The words "royalty," "bonus," and "rentals" have a well-understood meaning in the oil and gas business. Likewise, "minerals" and "mineral rights" have a well-recognized meaning. Broadly speaking, a reservation of minerals or mineral rights without limitation would include royalties, bonuses, and rentals. A conveyance of land without reservations would include all minerals and mineral rights. However, it is well settled that a grantor may reserve minerals or mineral rights and he may also reserve royalties, bonuses, and rentals, either one, more or all. Here we have a reservation of only "royalty rights." It is obvious, it seems to us, that this does not include a reservation of bonuses or rentals, but only of an interest in oil, gas, or minerals paid, received, or realized as "royalty" under any lease existing on the land at the time of the reservation, or thereafter executed by the grantee, his heirs or assigns.

*Schlittler v. Smith*, 101 S.W.2d 543, 544 (Tex. 1937).  Further, a royalty interest is nonparticipating in nature and does not entitle the owner to any share of ordinary cash or other bonuses, or of delay rentals.  *Slaughter*, 305 S.W.3d at 809.

A "fractional royalty" interest entitles the owner to the specified fractional amount stated in the deed of oil, gas, or other minerals produced from the land

5

and remains constant regardless of the amount of royalty contained in a subsequently-negotiated oil and gas lease. *Range Res. Corp. v. Bradshaw*, 266 S.W.3d 490, 493 (Tex. App.—Fort Worth 2008, pets. denied) (op. on reh'g). A "fraction of royalty" conveys a fractional share of the royalty that is contained in an oil and gas lease—it is not fixed, but rather "floats" in accordance with the size of the landowner's royalty contained in the lease and, in addition to the landowner's royalty, the fraction of nonparticipating royalty also shares proportionally in any overriding royalty interest reserved in the oil and gas lease, and the holder of the executive right owes a duty to the nonparticipating royalty interest owner in establishing the landowner's royalty in an oil and gas lease. *Id*. The amount to be paid to the owner is determinable upon the execution of some future lease and is calculated by multiplying the fraction in the royalty reservation by the royalty provided in a lease. *Id*.

Here, the deed first purports to reserve one-half of the mineral estate to the Holders, which reservation, if not later qualified, would have entitled them and their successors to one-half of any royalty paid under a lease, as well as a one-half interest in any bonuses and rentals. *See Schlittler*, 101 S.W.2d at 544–45. However, the latter part of the deed states that the right to receive bonuses and lease money, and to develop the mineral estate, is the exclusive right of the grantee. The language of the deed itself thus shows that the Holders intended to reserve only a part of the royalty interest to themselves; the later language thus clarifies the nature of that interest rather than the amount, serving to distinguish

6

the type of interest reserved from the other four parts of a mineral estate. *See id*. at 544. The fact that the Holders describe that royalty interest in the qualifying language of the deed as "one half of the usual one eighth" does not compel the conclusion that they intended to *further* limit the previously described one-half of the total royalty to only a fixed one-sixteenth (i.e., one-half multiplied by one-eighth). *See Luckel*, 819 S.W.2d at 462–65. Reading the document as a whole, it is clear they intended to reserve to themselves and their successors one-half of "such royalty as may be reserved in any oil, gas, or mineral lease," and that the "one half of the usual one eighth" language is merely an example showing the type of interest they intended to reserve, not a further limitation. *See id.* at 464–65; *Schlittler*, 101 S.W.2d at 545; *cf., e.g.*, *Hudspeth v. Berry*, No. 02-09-00225-CV, 2010 WL 2813408, at *4 (Tex. App.—Fort Worth July 15, 2010, no pet.) (mem. op.) (holding that deed language reserving an "undivided 1/40th royalty interest (being 1/5 of 1/8th)" described a fixed 1/40 of whatever fractional royalty was then being paid and that parenthetical was merely illustrative and did not change nature of fractional interest being reserved).[1]

---

[1]We agree with Sundance that those cases involving deeds with minimum royalty language are not applicable here because the 1958 deed does not contain minimum royalty language. *See, e.g., Hausser v. Cuellar*, 345 S.W.3d 462, 468 (Tex. App.—San Antonio 2011, pet. denied) (en banc); *Range Res. Corp. v. Bradshaw*, 266 S.W.3d 490, 493–94 (Tex. App.—Fort Worth 2008, pets. denied) (op. on reh'g). For this reason, Sundance's argument that adopting appellees' construction of the deed is in accordance with the overruled case of *Alford v. Krum*, 671 S.W.2d 870 (Tex. 1984), is not persuasive, nor is its argument that the "one half of one eighth" language refers to future leases

Accordingly, we conclude and hold that the trial court did not err by granting summary judgment for appellees and denying Sundance's motion for summary judgment. We overrule Sundance's first issue.

**Attorney's Fees**

In its second point, Sundance contends that the trial court's award of attorney's fees to appellees should be reversed because (a) the trial court should have granted its motion for summary judgment and not appellees', or (b) alternatively, there is no evidence to support the award of attorney's fees to appellees. Because we have already determined that the trial court did not err by denying Sundance's motion for summary judgment, we need not address that part of Sundance's second issue claiming that it was entitled to attorney's fees. Therefore, we will address only whether there was legally sufficient evidence to support the award of attorney's fees to appellees.

In a declaratory judgment action, the trial "court may award costs and reasonable and necessary attorney's fees as are equitable and just." Tex. Civ. Prac. Rem. Code Ann. § 37.009 (West 2008); *State & Cnty. Mut. Fire Ins. Co. ex rel. So. United Gen. Agency of Tex. v. Walker*, 228 S.W.3d 404, 407 (Tex. App.—Fort Worth 2007, no pet.). Whether the fees are reasonable and necessary are questions of fact. *GuideOne Elite Ins. Co. v. Fielder Rd. Baptist Church*, 197 S.W.3d 305, 311–12 (Tex. 2006); *State & Cnty. Mut.*, 228 S.W.3d at

persuasive because the 1958 deed did not describe an existing lease at the time of its execution unlike the deeds in other cases construing future lease language.

8

407. We review reasonableness and necessity of attorney's fees for sufficiency of the evidence. *State & Cnty. Mut*., 228 S.W.3d at 407.

Sundance has raised only a legal sufficiency challenge to the evidence supporting the attorney's fees award. We may sustain a legal sufficiency challenge only when (1) the record discloses a complete absence of evidence of a vital fact; (2) the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact; (3) the evidence offered to prove a vital fact is no more than a mere scintilla; or (4) the evidence establishes conclusively the opposite of a vital fact. *Uniroyal Goodrich Tire Co. v. Martinez*, 977 S.W.2d 328, 334 (Tex. 1998), *cert. denied*, 526 U.S. 1040 (1999); Robert W. Calvert, *"No Evidence" and "Insufficient Evidence" Points of Error*, 38 Tex. L. Rev. 361, 362–63 (1960). In determining whether there is legally sufficient evidence to support the finding under review, we must consider evidence favorable to the finding if a reasonable factfinder could and disregard evidence contrary to the finding unless a reasonable factfinder could not. *Cent. Ready Mix Concrete Co. v. Islas*, 228 S.W.3d 649, 651 (Tex. 2007); *City of Keller v. Wilson*, 168 S.W.3d 802, 807, 827 (Tex. 2005).

Texas courts consider eight factors when determining the reasonableness of attorney's fees, including awards made under the Uniform Declaratory Judgment Act:

> (1) the time and labor required, the novelty and difficulty of the questions involved, and the skill required to perform the legal service properly;

9

(2) the likelihood . . . that the acceptance of the particular employment will preclude other employment by the lawyer;

(3) the fee customarily charged in the locality for similar legal services;

(4) the amount involved and the results obtained;

(5) the time limitations imposed by the client or by the circumstances;

(6) the nature and length of the professional relationship with the client;

(7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and

(8) whether the fee is fixed or contingent on results obtained or uncertainty of collection before the legal services have been rendered.

*Arthur Andersen & Co. v. Perry Equipment Corp*., 945 S.W.2d 812, 818 (Tex. 1997); *State & Cnty. Mut*., 228 S.W.3d at 408.  A trial court is not required to receive evidence on each of these factors, however.  *State & Cnty. Mut*., 228 S.W.3d at 408.

Sundance contends that appellees' counsel did not testify in support of attorney's fees and that the affidavit he presented to the trial court "offered minimal, highly conclusory statements."  Thus, Sundance contends that counsel's affidavit is no evidence at all.  Appellees' counsel stated in the affidavit that he had been licensed to practice law in the State of Texas since 1964, that he was personally familiar with suits in "this county similar to" this case, and that he was "personally familiar with the current normal and reasonable fees charged

10

in such cases." Therefore, he averred that "[a]n attorney's fee of $12,000 is a reasonable attorney's fee to be charged in this case and has been necessarily incurred by the Defendants in the prosecution of this action." He did not attach any billing statements to his affidavit. In addition, he averred that he was "additionally familiar with similar types of cases in this county that are appealed and the current normal and reasonable attorney's fees incurred in such cases" and that "$7,500.00 is a reasonable and necessary attorney's fee to be incurred by the Defendants in the event of each appeal or attempt of an appeal taken by the Plaintiff."

Counsel thus averred that appellees incurred $12,000 in attorney's fees, that he was familiar with the types of fees charged in similar cases in the county, and that $12,000 was a reasonable and necessary fee. Thus, the trial court received evidence on the third and seventh factors. An affidavit filed by a summary judgment movant's attorney that sets forth his qualifications, his opinion regarding reasonable attorney's fees, and the basis for his opinion will be sufficient to support summary judgment, if uncontroverted. *Gaughan v. Nat'l Cutting Horse Ass'n*, No. 02-09-00450-CV, 2011 WL 3211217, at *11 (Tex. App.—Fort Worth July 28, 2011, no pet. h.); *Cammack the Cook, L.L.C. v. Eastburn,* 296 S.W.3d 884, 894 (Tex. App.—Texarkana 2009, pet. denied); *Basin Credit Consultants, Inc. v. Obregon*, 2 S.W.3d 372, 373 (Tex. App.—San Antonio 1999, pet. denied). Under Texas law, "billing records need not be introduced to recover attorney's fees." *Air Routing Int'l Corp. (Canada) v.*

11

*Britannia Airways, Ltd.,* 150 S.W.3d 682, 692 (Tex. App.—Houston [14th Dist.] 2004, no pet.); *see also In re A.B.P.,* 291 S.W.3d 91, 99 (Tex. App.—Dallas 2009, no pet.).

In *Garcia v. Gomez*, the supreme court reversed the court of appeals's opinion concluding that an attorney's testimony providing evidence on only the third and seventh *Andersen* factors was conclusory and therefore no-evidence of reasonableness and necessity. 319 S.W.3d 638, 640–41 (Tex. 2010). That testimony, the only evidence of attorney's fees offered, was as follows: "I'm an attorney practicing in Hidalgo County, doing medical-malpractice law/litigation. I have done it since 1984. For a usual and customary case like this the [sic] fees for handling it up to the point of dismissal, the reasonable and necessary attorney's fee for handling that is 12,200 dollars . . . ." *Garcia v. Gomez*, 286 S.W.3d 445, 447 (Tex. App.—Corpus Christi 2008), *rev'd in part*, 319 S.W.3d at 643. The supreme court held that "[w]hile the attorney's testimony lacked specifics, it was not, under these circumstances, merely conclusory. It was some evidence of what a reasonable attorney's fee might be in this case." 319 S.W.3d at 641.

The attorney's testimony in *Garcia* is similar to the affidavit testimony from appellees' counsel in this case; in fact, appellees' counsel's affidavit testimony went further than the testimony in *Garcia* when he averred that the fees were "necessarily incurred by" appellees. *See* Tex. R. Civ. P. 166a(c), (f) (providing that summary judgment may be based on proper affidavit testimony). Other

12

courts of appeals have concluded that similar affidavit testimony is at least "some evidence" of reasonable and necessary attorney's fees sufficient to survive a legal sufficiency challenge. *See Giron v. Baylor Univ. Med. Ctr.*, No. 05-09-00825-CV, 2011 WL 149981, at *5 (Tex. App.—Dallas Jan. 19, 2011, pet. denied) (mem. op.) (following *Garcia v. Gomez* in holding that similar affidavit not conclusory); *Peoples v. Genco Fed. Credit Union*, No. 10-09-00032-CV, 2010 WL 1797266, at *7 (Tex. App.—Waco May 5, 2010, no pet.) (mem. op.); *In re Estate of Tyner*, 292 S.W.3d 179, 184–85 (Tex. App.—Tyler 2009, no pet.); *Shields v. Delta Lake Irrigation Dist.*, No. 13-01-00622-CV, 2006 WL 1280863, at *10 (Tex. App.—Corpus Christi May 11, 2006, pet. denied) (mem. op.); *Bethel v. Butler Drilling Co.,* 635 S.W.2d 834, 841 (Tex. App.—Houston [14th Dist.] 1982, writ ref'd n.r.e.). *But see Eberstein v. Hunter*, 260 S.W.3d 626, 630 (Tex. App.—Dallas 2008, no pet.) (holding similar affidavit conclusory and therefore no evidence of attorney's fees). Accordingly, we conclude and hold that counsel's affidavit here was not conclusory and was therefore sufficient under the *Andersen* factors to support the trial court's award of $12,000 in attorney's fees and $7,000 in appellate attorney's fees. *See, e.g., Garcia*, 319 S.W.3d at 640–41.

We conclude and hold that the award of attorney's fees is supported by sufficient evidence. We therefore overrule the second part of Sundance's second issue challenging the sufficiency of the evidence of attorney's fees.

13

Although we have concluded that there is legally sufficient evidence supporting the amount of fees, Sundance also complains that the award of appellate attorney's fees is improper because it is unconditional. An unconditional award of attorney's fees has a chilling effect on the paying party's exercise of legal rights. *In re Ford Motor Co.*, 988 S.W.2d 714, 722–23 (Tex. 1998) (orig. proceeding). Accordingly, an award of appellate attorney's fees must be conditioned on any appeal's being unsuccessful. *Keith v. Keith*, 221 S.W.3d 156, 171 (Tex. App.—Houston [1st Dist.] 2006, no pet.); *see In re Ford Motor Co.*, 988 S.W.2d at 721. The proper remedy for an unconditional award of appellate attorney's fees is to modify the judgment so that the award depends on the paying party's lack of success on appeal. *Hoefker v. Elgohary*, 248 S.W.3d 326, 332 (Tex. App.—Houston [1st Dist.] 2007, no pet.). We will therefore modify the judgment to make the award of appellate attorney's fees contingent upon an unsuccessful appeal. *See, e.g., Solomon v. Steitler*, 312 S.W.3d 46, 62 (Tex. App.—Texarkana 2010, no pet.). We sustain Sundance's second issue in part.

**Conclusion**



Having sustained part of Sundance's second issue regarding appellate attorney's fees, we modify the judgment to make the award of appellate attorney's fees contingent upon an unsuccessful appeal.  We affirm the remainder of the judgment as modified.

TERRIE LIVINGSTON
CHIEF JUSTICE

PANEL:  LIVINGSTON, C.J.; WALKER and GABRIEL, JJ.

GABRIEL, J. filed a concurring and dissenting opinion.

DELIVERED:  October 20, 2011

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

**NO. 02-10-00403-CV**

SUNDANCE MINERALS, L.P.                                    APPELLANT

V.

WANDA JO MOORE,                                           APPELLEES
INDIVIDUALLY AND AS TRUSTEE
OF THE RUTH HOLDER
TESTAMENTARY TRUST; MAXINE

HOLDER, INDIVIDUALLY AND AS
TRUSTEE OF THE HERBERT
HOLDER AND MAXINE HOLDER
TRUST; ROBERT E. HOLDER;
RICKY JOE HOLDER; TERRY S.
HOLDER; PHILIP B. HOLDER;
JANILEE HOLDER WISDOM;
SCOTTY D. PLASTER; REX L.
PLASTER; AND LARRY F.
PLASTER

----------

FROM THE 355TH DISTRICT COURT OF HOOD COUNTY

----------

## CONCURRING AND DISSENTING OPINION

----------

I agree with the majority's opinion that the deed at issue reserved a "fraction of royalty" and that the trial court did not err in its ruling on the competing motions for summary judgment. I disagree, however, that there was legally sufficient evidence to uphold the award of attorney's fees.

The appellees' attorney's affidavit—the only evidence offered to support the award—states, in whole,

> I am the attorney of record for the Defendants in the above entitled and numbered cause. I am over eighteen (18) years of age, of sound mind, and fully competent and capable of making this Affidavit. I am a licensed attorney, licensed to practice in the State of Texas, having been licensed to practice since September, 1964. I am personally familiar with suits in this county similar to the above entitled and numbered cause and am personally familiar with the current normal and reasonable fees charged in such cases. An attorney's fee of $12,000.00 is a reasonable attorney's fee to be charged in this case and has been necessarily incurred by the

2

Defendants in the prosecution of this action. I am additionally familiar with similar types of cases in this county that are appealed and the current normal and reasonable attorney's fees incurred in such cases. In the event of an appeal of this case, $7,500 is a reasonable and necessary attorney's fee to be incurred by the Defendants in the event of each appeal or attempt of an appeal taken by the Plaintiff. This affidavit is made in furtherance of Defendants [sic] Motion for Summary Judgment.

An uncontroverted affidavit is generally sufficient to support an award of attorney's fees when it "sets forth his qualifications, his opinion regarding reasonable attorney's fees, *and the basis for his opinion*." *Cammack the Cook, L.L.C. v. Eastburn*, 296 S.W.3d 884, 894 (Tex. App.—Texarkana 2009, pet. denied) (emphasis added). The affidavit in this case sets forth the attorney's qualifications and his opinion regarding reasonable attorney's fees, but it provides no basis for his opinion. See *Garcia v. Gomez*, 319 S.W.3d 638, 648 (Tex. 2010) (Johnson, J., dissenting) (disagreeing that an affidavit was probative evidence of reasonable attorney's fees "because it does not contain the underlying factual basis on which it rests"). The reasonableness of an attorney's fee has long been analyzed under the factors set forth in *Arthur Andersen & Co. v. Perry Equip. Corp.*, 945 S.W.2d 812, 818–19 (Tex. 1997). While there does not need to be evidence on each factor, the affidavit must set forth facts "which would be admissible in evidence" for the affidavit to constitute proper summary judgment evidence. *Cammack the Cook*, 296 S.W.3d at 894. The affidavit in this case sets forth no admissible evidence. It does not state what type of fee arrangement was made, what the attorney's hourly fee was, what he actually

3

charged his client, the amount of time it took, or indeed, that he actually performed any of the work. *See Garcia*, 319 S.W.3d at 645 (Jefferson, J., dissenting) (noting that the affidavit did not "state an amount of fees actually charged" or "the amount of time [the attorney] spent on this case or even his hourly rate" and noting that "[i]n no other area of the law would we credit such [statements] as 'evidence'"). It is conclusory and, as such, cannot support an award of attorney's fees.

The majority points to a number of cases with "similar affidavit testimony" which was found sufficient. However, of those opinions which contain a full description of the affidavit, the affidavit in this case falls below them all. *See Giron v. Baylor Univ. Med. Ctr.*, No. 05-09-00825-CV, 2011 WL 149981, at *6 (Tex. App.—Dallas Jan. 19, 2011, pet. denied) (mem. op.) (stating that the attorney provided his services based on the fee agreement); *Peoples v. Genco Fed. Credit Union*, No. 10-09-00032-CV, 2010 WL 1797266, at *7 (Tex. App.—Waco May 5, 2010, no pet.) (mem. op.) (noting that the attorney "investigated the facts surrounding this matter, [and] spent reasonable time in the defense of the suit," and that the $7,500 amount was reasonable "based on the work performed by . . . counsel, the traditional elements for determining a reasonable fee, the customary fees for work of a similar nature, [and] the responsibility assumed"); *In re Estate of Tyner*, 292 S.W.3d 179, 184 (Tex. App.—Tyler 2009, no pet.) (stating that attorney swore to personal knowledge of the services rendered). *Shields v. Delta Lake Irrigation Dist.*, No. 13-01-00622-CV, 2006 WL 1280863, at *8 (Tex. App.—Corpus Christi May 11, 2006, pet. denied) (mem. op.), simply states that an affidavit by counsel "supported its request" with no further details

4

and thus provides no support for the majority's position. *Bethel v. Butler Drilling Co.*, 635 S.W.2d 834, 839 (Tex. App.—Houston [14th Dist.] 1982, writ ref'd n.r.e.), involved testimony from the stand, not an affidavit, and did not recount all of the attorney's testimony.

I understand that the majority feels bound by the supreme court's ruling in *Garcia*.[2] However, I agree with the dissents by Justice Jefferson and Justice Johnson that the majority's holding in *Garcia* is a significant departure from *Arthur Andersen*. *See Garcia*, 319 S.W.3d at 648 (Johnson, J., dissenting) ("Without saying why, the Court departs significantly from the evidence requirements for determining reasonable fees we set out in *Arthur Andersen*."). To allow ipse dixit by a witness to transform into admissible evidence simply because it is the ipse dixit of an attorney creates a separate standard for expert testimony by attorneys that is enjoyed by no other occupation. To rationalize that disparate treatment of attorneys by stating that an opposing attorney has the means and knowledge to contest the requested amount is to effectively reduce the burden of proof on the party seeking attorney's fees. *See id*. (Johnson, J., dissenting) ("[I]t is hard to see valid reasons for holding that conclusory testimony, which according to long-standing precedent has no probative force, is

---

[2]The majority in *Garcia* found the affidavit *in that case* to be sufficient. "While the attorney's testimony lacked specifics, it was not, *under these circumstances*, merely conclusory." 19 S.W.3d at 641 (emphasis added). It should be acknowledged that *Garcia* was a case decided under the Texas Medical Liability Act, which requires a trial court, upon proper motion, to dismiss a claim and award reasonable attorney's fees and costs to a physician or provider. *See* Tex. Civ. Prac. Rem. Code Ann. § 74.351(b)(2) (West 2011). The above-quoted language of the majority implicitly limits the applicability of the holding to the facts of a case where attorney's fees are not discretionary.

5

converted to evidence with probative value because an adverse party has information or knowledge about matters underlying the testimony."). Surely we should not favor the legal profession by such a holding. Further, the facts of this case are distinguishable from *Garcia* in that this case does not arise under a statute requiring a mandatory award of attorney's fees. I would reverse the trial court's award of attorney's fees to the appellees.

LEE GABRIEL
JUSTICE

DELIVERED: October 20, 2011

6