**Opinion filed October 16, 2014**



In The

# Eleventh Court of Appeals

_____

## No. 11-12-00303-CV

_____

## MARTHA MAHAFFEY BUTLER AND CHARLES E. EZELL, Appellants

## V.

## DAVE R. HORTON ET AL., Appellees

**On Appeal from the 18th District Court**
**Johnson County, Texas**
**Trial Court Cause No. C201000055**

### O P I N I O N

The trial court entered a summary judgment in favor of Appellees[1] in which it declared the ownership of certain mineral and royalty interests as between Appellants and Appellees. It also denied Appellants' motion for summary

_____

[1]Appellees are Dave R. Horton; Elizabeth J. Lee, independent executrix of the Estate of James A. Durda, deceased; Julia A. Durda; Frances R. Naumann; Frances R. Naumann as independent executrix of the Estate of Terry L. Naumann; Finis Shipman, Jr.; and Karen K. Shipman. We note that the Shipmans had previously been substituted as real parties in interest in place of I-35 Sand Pit, Inc.

judgment. Because they were dissatisfied with the trial court's summary judgment rulings, Appellants brought this appeal.[2] We reverse and render.

We review a summary judgment de novo. *Smith v. Deneve*, 285 S.W.3d 904, 909 (Tex. App.—Dallas 2009, no pet.). When, as here, the parties file cross-motions for summary judgment and the trial court grants one of the motions and denies the other motion, we review the summary judgment evidence presented by both parties and determine all of the issues presented. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005); *FM Props. Operating Co. v. City of Austin*, 22 S.W.3d 868, 872 (Tex. 2000). If we determine that the trial court erred, then we render the judgment that the trial court should have rendered. *Valence*, 164 S.W.3d at 661; *FM Props.*, 22 S.W.3d at 872.

In their sole issue on appeal, Appellants ask the question: "Did the district court err in holding as a matter of law that the mineral deed at issue reserved a fixed 1/16th fractional royalty rather than a one-half fraction of the royalty?" The answer to that question depends upon the interpretation of a reservation contained in a 1968 deed—the McGowen deed. The parties agree that Appellants are the successors in interest to the grantors in that deed and that Appellees comprise the successors in interest to the grantees. The reservation in the McGowen deed is as follows:

> There is excepted from this conveyance and reserved unto . . . grantors, their heirs and assigns, one-half of the usual 1/8th royalty on all oil, gas, casinghead gas, and gasoline, and one-half of the usual and customary royalty on sulphur, coal, uranium, and all other minerals in, on, or under, or that may be produced from the above described land; it being understood and agreed that it shall not be necessary for the Grantors, their heirs or assigns, to join in the execution of any mineral lease or leases on the property, but that the

[2]Appellees filed various separate motions for summary judgment, but basically urged the same arguments. They have filed a joint brief on appeal in which their positions are identical.

Grantors, their heirs or assigns, shall be entitled to one-half of any bonus payments or delay rentals which may be paid in connection with any lease on the property, and that in the event of production from said land, either by a lessee, by an owner, or by anyone else, the Grantors, their heirs or assigns, shall be entitled, free of cost, to one-half of the royalty on said minerals, as provided above[.]

Neither party maintains that the reservation in the McGowen deed is ambiguous. When a deed is unambiguous, our primary duty is to construe it in an effort to ascertain the intent of the parties. In our quest to discover the actual intent of the parties, we search not merely for the actual intent of the parties, but rather we attempt to discover "the actual intent of the parties *as expressed in the instrument as a whole*." *Luckel v. White*, 819 S.W.2d 459, 462 (Tex. 1991). When we construe a deed, we do so from all the language in the deed, and we are guided by a fundamental rule of construction: the four corners rule. *Id.* at 461. The actual intent of the parties, as expressed in the deed as a whole, controls over any arbitrary rules. *Id.* at 462. We consider the entire deed and attempt to harmonize and give effect to all of its provisions. *Frost Nat'l Bank v. L & F Distribs., Ltd.*, 165 S.W.3d 310, 311–12 (Tex. 2005). We will construe a deed in a manner that will avoid a construction that is unreasonable, inequitable, and oppressive. *Id.* at 312. The goal of our review is to determine the objective intent of the parties *as expressed in the deed*, as opposed to the subjective intent of the parties. *Range Res. Corp. v. Bradshaw*, 266 S.W.3d 490, 493 (Tex. App.—Fort Worth 2008, pet. denied) (op. on reh'g). When different parts of a deed appear to be contradictory or inconsistent, we must attempt to construe the instrument so that all provisions are given effect. *Luckel*, 819 S.W.2d at 462. We give each word and each phrase its plain grammatical meaning unless doing so would clearly defeat the intent of the parties. *Moon Royalty, LLC v. Boldrick Partners*, 244 S.W.3d 391, 394 (Tex. App.—Eastland 2007, no pet.). We will not strike any part of a deed in the

absence of irreconcilable conflicts whereby one provision destroys the effect of another. *Luckel*, 819 S.W.2d at 463.

Appellants maintain that, as far as their royalty interest is concerned, the effect of the reservation in the deed is that the interest that they own is a floating one-half of any royalties that may be provided for in leases of the oil, gas, and other minerals. On the other hand, Appellees claim that the effect of the reservation is that Appellants own only a fixed one-sixteenth fractional royalty interest regardless of the amount that might be provided for in leases.[3] Therefore, we are called upon to decide whether the deed at issue reserves a "fraction of royalty" interest or a "fractional royalty" interest.

A "fraction of royalty" provision provides for a fractional share of the royalty that is provided for in a lease; the interest is not fixed, but rather floats in accordance with the amount of the royalty provided for in a lease. *Moore v. Noble Energy, Inc.*, 374 S.W.3d 644, 647 (Tex. App.—Amarillo 2012, no pet.) (citing *Range Res. Corp.*, 266 S.W.3d at 493). A "fractional royalty" interest, on the other hand, remains fixed regardless of the amount of the royalty provided for in a future lease. *Id.* at 647–48 (citing *Range Res. Corp.*, 266 S.W.3d at 493); *Coghill v. Griffith*, 358 S.W.3d 834, 838 (Tex. App.—Tyler 2012, pet. denied).

In *Sundance*, the grantors conveyed certain real property, but they reserved "an undivided and non-participating one-half interest in the oil, gas, and other mineral rights." *Sundance Minerals, L.P. v. Moore*, 354 S.W.3d 507, 510 (Tex. App.—Fort Worth 2011, pet. denied). Additionally, the deed provided that the grantors "shall be entitled to one half [sic] of the usual one eighth [sic] royalty received forsuch [sic] oil, gas and other minerals produced from said land." *Id.*

---

[3]The record is silent as to whether, at the time of the reservation, there was an existing lease on "oil, gas, casinghead gas, and gasoline." However, the record does show that, subsequent to the date of the reservation but prior to the time that this lawsuit was filed, leases existed upon the property and that at least some of those leases provided for royalty in excess of one-eighth.

(third alteration in original). The court held that, when the document that contained the reservation was read as a whole, it resulted in the creation of a fraction of royalty interest as opposed to a fractional royalty interest of one-sixteenth. *Id.* at 512 (citing *Luckel*, 819 S.W.2d at 462–65).

In *Range Resources*, the court was confronted with a reservation clause in which the grantors reserved "an undivided one-half (1/2) Royalty (*Being equal to not less than* an undivided one-sixteent[h] (1/16[)]) of all the oil, gas and/or other minerals in, to, and under or that may be produced from said . . . land . . . free of cost Forever." *Range Res. Corp.*, 266 S.W.3d at 493–94 (alterations and first omission in original). The grantors also conveyed their right to receive any bonuses and rentals, as well as their executive rights. *Id.* at 494. The grantors provided that all future leases were to provide for a "Royalty of *not less than* one-eighth (1/8)." *Id.* The reservation also provided that, if production was obtained, then "Grantors, their heirs and assigns, shall receive *not less than one-sixteenth (1/16) portion (being equal to one-half (1/2) of the customary one-eighth (1/8) Royalty) of the entire gross production and/or such net proceeds as hereinabove provided.*" *Id.* After construing the reservation as a whole "and harmonizing all parts to give effect to the parties' intent," the court held that the reservation was a fraction of royalty. *Id.* at 496 (citing *Luckel*, 819 S.W.2d at 462). It also commented that the language expressed "the intent to establish an interest of a *minimum* one-sixteenth royalty, rather than a fixed one-sixteenth 'fractional royalty.'" *Id.*

The Tyler Court of Appeals was called upon to construe a provision that provided for a reservation of "an undivided one-eighth (1/8) interest in and to all of the . . . royalty." *Coghill*, 358 S.W.3d at 835–36. The reservation mentioned an existing lease, but then reserved "an undivided one-eighth (1/8) of the usual one-eighth (1/8) royalties provided for in any future . . . lease." *Id.* at 836. The

5

reservation then provided that any future lease would "provide for ***at least*** a royalty on oil of the usual one-eighth (1/8)." *Id.* The oil and gas lease that was in effect at the time of the deed subsequently expired and new leases were made. *Id.* These new leases contained an increased royalty of three-sixteenths. *Id.*

After a discussion of the characteristics of "fraction of royalty" interests as opposed to "fractional royalty" interests, the court held that the first two clauses created "fraction of royalty" interests. *Id.* at 838. As to the future lease clause, after the court had construed the reservation in accordance with the four corners rule, the court harmonized the provisions of the reservation and held that it also created a "fraction of royalty" interest. *Id.* at 840. The court noted that references "to the usual one-eighth royalty," whether express or implied, "do not lead to the conclusion that they intended to limit the grantor's reservation to a fixed one sixty-fourth royalty interest in future leases." *Id.* at 839 (citing *Luckel*, 819 S.W.2d at 462). The reference merely set a floor to guarantee that royalty provisions in future leases would provide for at least a one-eighth royalty or, in other words, that the reserved royalty would never be less than one sixty-fourth (one-eighth of one-eighth).[4] *Id.*

The reservation in this case is located in one compound sentence. In the first part of the sentence, Appellants' predecessors reserved "one-half of the usual 1/8th royalty on all oil, gas, casinghead gas, and gasoline, and one-half of the usual and customary royalty on sulphur, coal, uranium, and all other minerals in, on, or under, or that may be produced from the . . . land." According to the plain language of the reservation, the grantors conveyed away their right to join in any execution of future leases. However, they specifically reserved the right to receive "one-half of any bonus payments or delay rentals which may be paid in connection

---

[4]For a discussion of the general nature of mineral interests and of the history of "the usual 1/8 royalty" language, see *Graham v. Prochaska*, 429 S.W.3d 650, 656–60 (Tex. App.—San Antonio 2013, pet. filed).

with any lease on the property." Further, "in the event of production from said land, either by a lessee, by an owner, or by anyone else," grantors reserved the right to receive, "free of cost, . . . one-half of the royalty on said minerals, *as provided above*" (emphasis added).

Appellants take the position in this case that the phrase "as provided above" clarifies the fact that the interest reserved in favor of their predecessor in title is a fraction of royalty or floating interest. Appellees argue that the phrase "one-half of the usual 1/8 royalty" creates a fixed royalty of 1/16 and that the phrase "as provided above" limits any future royalty interest to that same fraction. We disagree with Appellees. As we have pointed out, the authorities in Texas hold that, absent circumstances not present here, this initial provision reserves a fraction of royalty. As noted in *Williams & Meyers Oil and Gas Law* in a list of illustrations of provisions that result in fractions of royalty, a reference to one-half of the usual 1/8 royalty has been held to effectuate a reservation of a fraction of royalty. 2 PATRICK H. MARTIN & BRUCE M. KRAMER, WILLIAMS & MEYERS OIL AND GAS LAW, § 327.2 (LexisNexis Matthew Bender 2013) (citing *Sundance*, 354 S.W.3d 507). If "as provided above" refers to that fraction of royalty provision first shown in the reservation as argued by Appellees, then the later language in the reservation is likewise a reservation of a fraction of royalty and not a set fractional interest. If "as provided above" refers to anything else in the reservation, then it is even more clear that the reservation is a reservation of a fraction of royalty because of the repeated reference to "one-half of" in connection with all of the attributes of mineral ownership (except the right to execute leases that was not reserved). The trial court erred when it held otherwise. Appellants' sole issue on appeal is sustained.

We hold that the trial court erred when it granted summary judgment in favor of Appellees and when it denied Appellants' motion for summary judgment.

We reverse the judgment of the trial court and render judgment that Appellants are the owners of a one-half fraction of royalty interest and are entitled to receive one-half of the royalty as provided for in any oil, gas, and other mineral leases that cover the property.

JIM R. WRIGHT

CHIEF JUSTICE

October 16, 2014

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.