

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-17-00038-CV

CARL DAILY, Appellant

V.

CHARLES MCMILLAN, Appellee

On Appeal from the County Court at Law
Bowie County, Texas
Trial Court No. 15C1451

Before Morriss, C.J., Moseley and Burgess, JJ.
Opinion by Justice Burgess

OPINION

A Bowie County jury determined that Carl Daily had agreed to pay Charles McMillan $2,000.00 to remove trees and grind stumps on his property. The jury further found that Daily breached the oral contract by refusing to pay McMillan after he completed the work. In accordance with the jury's verdict, the trial court awarded McMillan $2,000.00 in damages, along with attorney's fees in the amount of $18,193.19.

On appeal, Daily argues that the trial court erroneously awarded attorney's fees against him because (1) the jury charge failed to require a finding of damages before the jury could award attorney's fees and (2) the evidence was legally insufficient to support a finding that the attorney's fees were reasonable and necessary. We find that Daily's first point of error on appeal, which raises a complaint about the trial court's jury charge, is unpreserved. We further find that the jury's award of attorney's fees was supported by legally sufficient evidence. Accordingly, we affirm the trial court's judgment.

## I.   Daily Did Not Preserve Any Complaint Related to the Trial Court's Jury Charge

In 2015, McMillan filed a petition in the Justice Court, Precinct 1, Place 1, in Bowie County, Texas. In that petition, McMillan prayed for "reasonable attorney's fees . . . [of] $2,500 through the trial of [the] case" and in the event the case was appealed, McMillan prayed "for an additional $5,000.00 through the trial court on appeal, and additional sums if subsequent appeals [were] had." On September 23, 2015, the justice court found for McMillan and awarded him $3,000.00 in attorney's fees. Daily appealed to the County Court at Law of Bowie County.

2

After a trial de novo, a jury again determined that Daily (1) had agreed to pay McMillan $2,000.00 and (2) failed to uphold the promise after McMillan had completed the work. The relevant portions of the jury's charge stated:

**Question 2.** Did Carl Daily fail and refuse to pay Charles McMillan the agreed amount of $2000 upon completion of the work agreed to be performed by Charles McMillan?

. . . .

Answer: Yes

. . . .

**Question 5.** What amount do you find, if any, remains due and unpaid by Carl Dailey [sic] on the contract to the Plaintiff, Charles McMillan?

. . . .

Answer: $2000.00

If you answered Question No. 2 "yes", [sic] then answer the following Question No. 6. Otherwise, do not answer Question No. 6.

**Question 6.**
What is a reasonable fee for the necessary services of Charles McMillan's attorney, stated in dollars and cents?

. . . .

1.  For representation in the trial courts, both Justice of the Peace court proceedings and in this court for a de novo jury trial.

Answer: $18,193.19

"A person may recover reasonable attorney's fees . . . in addition to the amount of a valid claim and costs, if the claim is for . . . an oral or written contract." TEX. CIV. PRAC. & REM. CODE ANN. § 38.001(8) (West 2015). "[T]o qualify for [attorney's] fees under the statute, a litigant must

3

prevail on a breach of contract claim and recover damages." *Ashford Partners, Ltd. v. ECO Res., Inc.*, 401 S.W.3d 35, 40 (Tex. 2012).

The jury's verdict demonstrates that McMillan prevailed on his breach of contract claim and was awarded damages for Daily's breach of contract. Yet, Daily argues, "The issue submitted to the jury on attorney fees was not conditioned upon damage, but was conditioned upon whether or not the Appellant had not paid the agreed amount and not upon how much was still due and owing on the oral contract." In other words, Daily contends that Question 6 should have been conditioned on the jury's answer to Question 5, not on Question 2. Because Daily's complaint is of jury charge error, we must first determine whether it has been preserved for our review.

"There should be but one test for determining if a party has preserved error in the jury charge, and that is whether the party made the trial court aware of the complaint, timely and plainly, and obtained a ruling." *Cruz v. Andrews Restoration, Inc.*, 364 S.W.3d 817, 829 (Tex. 2012) (quoting *State Dep't of Highways & Pub. Transp. v. Payne*, 838 S.W.2d 235, 241 (Tex. 1992)). "Our procedural rules state that a complaint to a jury charge is waived unless specifically included in an objection." *Id.* (citing TEX. R. CIV. P. 274; TEX. R. APP. P. 33.1(a)(1)). In order to preserve error, lawyers must "tell the court about such errors before the charge is formally submitted to a jury." *Id.* at 830.

At trial, Daily affirmatively stated that he had no objections to the trial court's jury charge. By failing to raise any jury charge error in a timely manner, Daily has failed to preserve his first

4

appellate point for our review.  *See id.*; *Chambers v. Equity Bank, SSB*, 319 S.W.3d 892, 896 (Tex. App.—Texarkana 2010, no pet.).[1]  Accordingly, we overrule it.

## II.      Legally Sufficient Evidence Supports the Award of Attorney's Fees

In his second point of error, Daily argues that there was no evidence that the attorney's fees awarded by the jury were reasonable or necessary because McMillan's attorney did not present any evidence of the fee customarily charged in the locality for similar legal services.  This is a challenge to the legal sufficiency of the evidence supporting the award.[2]

### A.      Evidence Related to Attorney's Fees Presented at Trial

At trial, McMillan's attorney, David J. Potter, testified without objection in support of McMillan's claim for attorney's fees.  Potter informed the jury that he had been practicing law for forty-seven years[3] and charged an hourly rate of $250.00.  Potter said that, given the relatively minimal amount in controversy, he agreed to assist McMillan in pursuing "what [Potter] thought was a simple case in JP Court" on a contingent fee basis.  Potter believed that the parties would

---

[1]Daily further argues that "it was improper for the court to award attorney fees under §38.001 CPRC because there was no finding of damage as required by statute."  To the extent Daily attempts to raise a separate point on appeal, we find it meritless since the jury awarded damages before awarding attorney's fees.

[2]"[T]o show that an attorney's-fees finding is excessive, a complaining party must establish that the evidence is factually insufficient to support the finding."  *Ho & Huang Props., L.P. v. Parkway Dental Assocs., P.A.*, No. 14-14-00528-CV, 2017 WL 2268915, at \*14 (Tex. App.—Houston [14th Dist.] May 24, 2017, no pet. h.).  We note that Daily has not raised a challenge to the factual sufficiency of the evidence, and he does not otherwise argue that the award of attorney's fees was excessive.

[3]In explaining his qualifications, Potter testified,
> I'm licensed to practice in both Arkansas and Texas, all the courts.  I'm licensed to practice in federal courts from the -- all the district courts in Eastern District of Arkansas, Western District of Arkansas, Eastern District of Texas, Northern District of Texas.  I'm licensed to practice in the Fifth Circuit Court in New Orleans and the Eighth Circuit Court in St. Louis.  I'm also licensed to practice in United States Supreme Court and have been for almost my entire career.

simply "go down and have a quick hearing and . . . tell their story, and the judge could do what the judge felt was right," but explained to the jury that the case did not remain a simple matter.

Potter testified that he realized "[the case] was obviously going to be highly contested" after Daily filed an answer and a counterclaim alleging that McMillan had damaged his property. Potter then detailed the amount of discovery that was required in the case, in which trial by jury was requested, and the work done in obtaining an order compelling Daily to allow him to visit the property to examine the alleged damage. The jury further heard that Daily appealed the justice court's verdict to the county court at law, thereby requiring a trial de novo. By the time of the trial de novo, Potter had put in over two years of work on what he initially had believed would be a simple case.

Without objection, Potter introduced his time sheets into evidence as a single exhibit. The exhibit contained each date that Potter worked on the case, the time spent in working on the case, the amount billed based on the $250.00 per hour rate, and a detailed description of the work Potter completed. Potter testified, and the time sheets reflected, that he had worked a total of 52.27 hours prior to the date of the second jury trial. In total, including fees expended, Potter's invoice was for $12,443.19. In addition to this amount, Potter testified that he worked an additional "couple of hours" reviewing his files and preparing jury instructions after the voir dire and eight hours on each day of the two-day jury trial. Potter testified that the trial work completed after the invoice was created would add an additional $5,000.00 to the amount and that he expected post-trial motions and conferences to include an additional three hours of work, or $750.00.

6

Potter's testimony and time sheets were uncontroverted, and he was not cross-examined during trial. Daily made no argument to the jury that the attorney's fees Potter was seeking were unreasonable or unnecessary. Thus, adding Potter's $12,443.19 invoice, as reflected in his time sheets, to the additional $5,750.00 he requested at trial, the jury awarded a total of $18,193.19. Daily filed a timely motion for a new trial arguing that no evidence supported the jury's award.

### B.      Standard of Review

In determining legal sufficiency, the appellate court determines "whether the evidence at trial would enable reasonable and fair-minded people to reach the verdict under review." *City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex. 2005); *Basley v. Adoni Holdings, LLC*, 373 S.W.3d 577, 582 (Tex. App.—Texarkana 2012, no pet.). In looking at the evidence, we credit favorable evidence if a reasonable jury could and disregard contrary evidence unless a reasonable jury could not. *City of Keller*, 168 S.W.3d at 827.

The evidence is legally insufficient if (1) there is a complete absence of evidence of a vital fact; (2) the rules of law or of evidence bar the court from giving weight to the only evidence offered to prove a vital fact; (3) there is no more than a mere scintilla of evidence offered to prove a vital fact; or (4) the opposite of the vital fact is conclusively established by the evidence. *Jelinek v. Casas*, 328 S.W.3d 526, 532 (Tex. 2010). More than a scintilla of evidence exists when the evidence reaches a level enabling reasonable and fair-minded people to differ in their conclusions. *Merrell Dow Pharms., Inc. v. Havner*, 953 S.W.2d 706, 711 (Tex. 1997). "Less than a scintilla of evidence exists when the evidence is 'so weak as to do no more than create a mere surmise or

7

suspicion' of a fact." *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 751 (Tex. 2003) (quoting

*Kindred v. Con/Chem, Inc.*, 650 S.W.2d 61, 63 (Tex. 1983)).

**C.      The Evidence Is Legally Sufficient to Support the Jury's Award of Attorney's Fees**

The reasonableness of attorney's fees is ordinarily left to the fact-finder, and a reviewing

court may not substitute its judgment for that of the fact-finder.  *Smith v. Patrick W.Y. Tam Trust*,

296 S.W.3d 545, 547 (Tex. 2009); *Bocquet v. Herring*, 972 S.W.2d 19, 21 (Tex. 1998).  In *Arthur*

*Andersen & Co. v. Perry Equipment Corp.*, the Texas Supreme Court discussed "[f]actors that a

fact[-]finder should consider when determining the reasonableness of a fee," including

> (1)      the time and labor required, the novelty and difficulty of the questions involved, and the skill required to perform the legal service properly;
> (2)      the likelihood . . . that the acceptance of the particular employment will preclude other employment by the lawyer;
> (3)      the fee customarily charged in the locality for similar legal services;
> (4)      the amount involved and the results obtained;
> (5)      the time limitations imposed by the client or by the circumstances;
> (6)      the nature and length of the professional relationship with the client;
> (7)      the experience, reputation, and ability of the lawyer or lawyers performing the services; and
> (8)      whether the fee is fixed or contingent on results obtained or uncertainty of collection before the legal services have been rendered.

*Arthur Andersen & Co. v. Perry Equip. Corp.*, 945 S.W.2d 812, 818 (Tex. 1997) (citing TEX.

DISCIPLINARY R. PROF. CONDUCT 1.04, *reprinted in* TEX. GOV'T CODE, tit. 2, subtit. G app. (STATE

BAR RULES, art. X, § 9)).

Contending there was no evidence at trial on the third factor, the fee customarily charged

in the locality for similar legal services, Daily argues that the evidence was legally insufficient to

submit the matter of attorney's fees to the jury.  We cannot agree.

8

While *Arthur Anderson* set forth factors that should be considered by the fact-finder, the court "did not mandate that such evidence *must* be admitted or considered." *Robertson Cty. v. Wymola*, 17 S.W.3d 334, 345 (Tex. App.—Austin 2000, pet. denied); *see* TEX. DISCIPLINARY R. PROF. CONDUCT 1.04 (discussing factors that "may be considered"). Thus, "[a] trial court is not required to receive evidence on each of these factors." *Eitel v. Horobec*, No. 02-12-00500-CV, 2014 WL 584780, at \*5 (Tex. App.—Fort Worth Feb. 13, 2014, no pet.) (mem. op.) (citing *Sundance Minerals, L.P. v. Moore*, 354 S.W.3d 507, 514 (Tex. App.—Fort Worth 2011, pet. denied)); *Hagedorn v. Tisdale*, 73 S.W.3d 341, 353 (Tex. App.—Amarillo 2002, no pet.). More recently, the Texas Supreme Court has written, "Sufficient evidence includes, at a minimum, evidence 'of the services performed, who performed them and at what hourly rate, when they were performed, and how much time the work required.'" *Long v. Griffin*, 442 S.W.3d 253, 255 (Tex. 2014) (quoting *El Apple I, Ltd. v. Olivas*, 370 S.W.3d 757, 764 (Tex. 2012)). Therefore, even if we assume that Potter's testimony presented no evidence of the third factor discussed in *Arthur Anderson*, his testimony about how long he had practiced in the area, along with evidence that he regularly charged anywhere from $200.00 to $350.00, allowed the fact-finder to make the ultimate determination as to what constituted a reasonable fee.

Nevertheless, the record is not completely void of evidence on this factor, as Daily argues. Potter testified that he had been working as a local attorney in Texarkana for forty-seven years. He further testified, "[L]awyers throughout our community assist people in need, and we do what we can in structuring our fees and so forth in determining how to make a living to pay our expenses,

9

too. But we try to figure out how to help people, and this is one of [the] occasions that I did." He then stated,

> I charge a rate of $250 per hour, and that is my average price. There are occasions where I have charged as high as $350 for experienced cases depend[ing] on [the] dynamics of the case and nature of it, so forth. In certain cases[,] I have accepted much less because my clients simply can't afford it. The case didn't work. It just wouldn't work. Unless you are willing to work cheaper, your client can't possibly afford to hire an attorney. So, occasionally I take $200 and occasionally I work for free.

Finally, after stating that $250 was his average hourly rate, Potter encouraged the jury to use the hourly rate they felt was reasonable.

This evidence establishes that Potter's hourly rates range from $200 to $350 taking into consideration what people in the community can pay and what the attorneys in the community require to cover their expenses. He further stated that his hourly rate in this case was $250, which is towards the lower end of that range. By its nature, this is more than a scintilla of evidence establishing that Potter's hourly rate was reasonable and customary in the community. Accordingly, there is some evidence in the record upon which the jury could determine that $250 per hour was reasonable and customary in the community even though Potter did not testify to those exact words.

In addition, Potter's testimony and time sheets demonstrated that there was evidence of the details of the work done, the rate at which services were performed, when the work was completed, and the number of hours worked. Explaining the reasons why McMillan was seeking attorney's fees, Potter further described the labor required, the procedural history of the case, and the fact that the case took over two years to resolve. In assessing $18,193.19 in attorney's fees, the jury

10

simply added the amount of Potter's invoice, which was supported by the time sheets, to his testimony that an additional $5,750.00 would be expended for trial and the handling of post-trial motions. Although there were various objections made to the attorney fee award, no evidence was presented, either at trial or at the hearing on McMillan's motion for a new trial, to support an argument that Potter's fees were either unreasonable or unnecessary.

Viewing the evidence in a light most favorable to the jury's verdict, we conclude that the uncontroverted evidence at trial was legally sufficient to enable reasonable and fair-minded people to find that $18,193.19 was the amount of reasonable fees for necessary services. *See Ragsdale v. Progressive Voters League*, 801 S.W.2d 880, 882 (Tex. 1990) (per curiam); *Ho & Huang Props., L.P.*, 2017 WL 2268915, at *15; *Eitel*, 2014 WL 584780, at *5. Accordingly, we overrule Daily's last point of error on appeal.

## III.    Conclusion

We affirm the trial court's judgment.


                                          Ralph K. Burgess
                                          Justice


Date Submitted:      July 5, 2017
Date Decided:        August 15, 2017