

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-12-00421-CV

JACK BREWER, INDIVIDUALLY
AND D/B/A RESOLUTION TRUST
CO.

APPELLANT

V.

GREEN LIZARD HOLDINGS, L.L.C.
SERIES SR

APPELLEE

----------

FROM THE 158TH DISTRICT COURT OF DENTON COUNTY

----------

## OPINION

----------

This is an appeal from a summary judgment for Green Lizard Holdings, L.L.C. Series SR, on its claim for removal of a fraudulent lien against Jack Brewer, individually and doing business as Resolution Trust Co. We affirm.

## Background

Appellee sued appellant under sections 12.001–.002 of the Texas Civil Practice and Remedies Code, the fraudulent lien statute. Specifically, appellee

contended that after it had purchased a lot in the city of Plano, Denton County, Texas on May 1, 2012 at a delinquent tax sale, it had discovered that appellant was occupying the property under a fraudulent deed purportedly signed by a representative of LTG Jackson Joint Venture, the prior owner of the property. Appellee also claimed that appellant had further filed a mechanic's lien on the property for services rendered after he had recorded the purportedly fraudulent deed.

In his answer, appellant claimed that appellee lacked standing[1] to bring the suit because the foreclosure sale at which appellee purchased the property was invalid, because appellee's claims are barred by estoppel, and because attorney's fees are not available in what appellant refers to as an action to quiet title. He also brought a counterclaim seeking a declaratory judgment voiding the sale at which appellee bought the property. Appellant argued that because the cashier's check by which appellee purchased the property is from a Sydney Bellamy, not appellee, there is no evidence that appellee provided the tax certificate required by section 34.015(b)(1)–(2) of the tax code. Tex. Tax Code Ann. § 34.015(b)(1)–(2) (West 2008).

Appellee then moved for a traditional summary judgment on the following grounds: (1) it had standing as the owner of the property to bring suit; (2) it proved as a matter of law that the prior owner did not convey the property to

---

[1]In an amended answer, he claimed that appellee lacked capacity to sue him.

2

anyone at any time before the property was sold at a foreclosure sale to Wells Fargo Bank, National Association; (3) the tax sale at which appellee purchased its interest was regular and valid; and (4) appellee was entitled to reasonable attorney's fees. *See* Tex. R. Civ. P. 166a(a). The trial court granted the summary judgment and rendered a final judgment for appellee on September 27, 2012.

## Propriety of Summary Judgment

In two issues, appellant contends that the trial court erred by granting the summary judgment motion on its merits and that the summary judgment is not final because it did not dispose of his counterclaim. Included in the argument under his first issue are his contentions that the trial court erred by overruling his objections to certain parts of appellee's summary judgment evidence: the affidavits and attached exhibits of David Kochalka and Robert Miller.

### Standard of Review

We review a summary judgment de novo. *Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010). We consider the evidence presented in the light most favorable to the nonmovant, crediting evidence favorable to the nonmovant if reasonable jurors could and disregarding evidence contrary to the nonmovant unless reasonable jurors could not. *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009). We indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *20801, Inc. v. Parker*, 249 S.W.3d 392, 399 (Tex. 2008). A plaintiff is entitled to

3

summary judgment on a cause of action if it conclusively proves all essential elements of the claim. *See* Tex. R. Civ. P. 166a(a), (c); *MMP, Ltd. v. Jones*, 710 S.W.2d 59, 60 (Tex. 1986).

**Objections to Summary Judgment Evidence**

Appellant objected to Kochalka's affidavit on the grounds that it was conclusory, not the best evidence, and did not show an adequate basis of his knowledge of the subject matter. In his affidavit, Kochalka averred that he "is/was" the president of Jackson Ventures, Inc. and a partner in LTG Jackson Joint Venture, which had owned the lot in Plano, Denton County, Texas. He further averred that to the best of his knowledge and belief, the joint venture was the sole owner of the property from September 26, 2008 through April 5, 2011 and that it never sold the property before the foreclosure sale to Wells Fargo on April 5, 2011. Finally, he averred,

> 7. I have no knowledge of a Special Warranty Deed dated April 1, 2011 and filed as Instrument Number 2011-92666 in the Deed records of Denton County on September 30, 2011 which purports to show that LTG Jackson JV sold the Property to an entity calling itself Resolution Trust Co.
>
> 8. Neither I, nor any member of my firm, LTG Ventures, Inc., nor any authorized member of Jackson Ventures, or LTG Jackson JV sold the Property prior to the foreclosure sale 4/5/2011. I do not know, nor have I ever known the signatory on that document, Cecil Englhardt. At no time did I authorize Cecil Englhardt or anyone else to execute a deed on behalf of LTG Jackson Joint Venture to Resolution Trust Co.
>
> 9.[] I do not know, nor have I ever known a company called Resolution Trust Co owned by someone named Jack Brewer, nor do I know a person by that name.

4

A corporate employee is generally presumed to possess personal knowledge of facts that he or she would learn in the usual course of employment without having to otherwise prove personal knowledge. *See, e.g., Energico Prod., Inc. v. Frost Nat'l Bank*, No. 02-11-00148-CV, 2012 WL 254093, at *6 (Tex. App.—Fort Worth Jan. 26, 2012, pets. denied) (mem. op.). Therefore, Kochalka's identification of himself as a partner in the joint venture that formerly owned the property sufficiently showed his position and responsibilities and, thus, was sufficient to show his personal knowledge so that his recitation of facts regarding the entity was not conclusory. *Id.* Likewise, the affidavit is not inadmissible under the best evidence rule. *Id.*

Appellant's objections to Miller's affidavit are similar: that it is self-serving and conclusory and that it does not show personal knowledge. He also claimed that the exhibits attached to the affidavit were not sufficient to prove appellee's standing or cause of action and further objected to Miller's averments regarding attorney's fees.

Miller averred that he had been hired to represent appellee in the suit and that a reasonable fee for his services would be $1,800. He also attached certified copies of documents as summary judgment evidence. Miller filed a supplemental affidavit in which he detailed additional services provided to appellee in the case; he also stated that he has been an attorney in Dallas County since 1978 and is familiar with a reasonable fee for the type of services

5

provided.  He further detailed the *Arthur Andersen* factors applicable to this particular case and why they justified a total fee of $4,500 (at the rate of $300 an hour for fifteen hours).  *See Arthur Andersen & Co. v. Perry Equip. Corp.*, 945 S.W.2d 812, 818 (Tex. 1997) (op. on reh'g).  Miller filed second and third supplemental affidavits, detailing additional services provided to appellee as a result of additional filings and hearings.

An affidavit filed by a summary judgment movant's attorney that sets forth his qualifications, his opinion regarding reasonable attorney's fees, and the basis for his opinion is not conclusory and will be sufficient to support summary judgment if uncontroverted.  *Sundance Minerals, L.P. v. Moore*, 354 S.W.3d 507, 514 (Tex. App.—Fort Worth 2011, pet. denied); *see also* Tex. Civ. Prac. & Rem. Code Ann. § 12.002(b)(3) (West Supp. 2012) (providing that a person injured under the statute may recover reasonable attorney's fees).

**Summary Judgment**

Appellant's objections to the documents attached to Miller's affidavit go to the question of whether appellee met its summary judgment burden of proof to show that there is no fact issue and that it is entitled to summary judgment. Thus, we will review whether the trial court properly granted summary judgment.

In addition to Kochalka's and Miller's affidavits, appellee presented the following summary judgment evidence:  (1) the special warranty deed to Resolution Trust Co. purportedly signed by Cecil Englhardt as "Authorized Agent" of LTG Jackson Joint Venture, on April 1, 2011, which was filed in the Denton

County property records on September 30, 2011; (2) the mechanic's lien affidavit filed by appellant on April 30, 2012; (3) a Certificate of Acknowledgement filed by appellant on April 30, 2012 acknowledging his acceptance of the April 1, 2011 deed and ownership of the property; (4) a May 1, 2012 sheriff's deed acknowledging the sale of the property to appellee to satisfy a judgment lien on the property against Wells Fargo for delinquent taxes; and (5) an April 5, 2011 Substitute Trustee's Deed to Wells Fargo evidencing foreclosure on the deed of trust from LTG Jackson Joint Venture as borrower. Also attached to the deed is an affidavit from the substitute trustee averring that written notice of default and opportunity to cure within twenty days was given after which he wrote the debtor giving notice of acceleration of the note's maturity, in accordance with the deed of trust; that the notices were mailed via certified mail, return receipt requested, to the debtor at the most current address; that he concluded that the requirements of section 51.002(d) of the property code had been fulfilled; that he mailed a notice of foreclosure sale to the debtor on March 14, 2011, the same day he posted the notice of foreclosure on the courthouse door and filed the notice with the clerk of Denton County; and that he confirmed with the official federal database that the debtor is not in the military.

In his response, appellant contended that an inadequate time for discovery had passed and that he had not received sufficient notice of the motion. According to appellant, he did not receive the summary judgment motion until August 8, 2012. The trial court heard appellee's motion on September 27, 2012.

7

Appellant did not attach evidence relevant to appellee's claims or his counterclaim.

To establish its claim for a fraudulent claim against real property, appellee had to conclusively prove as a matter of law that appellant (1) made, presented, or used a document with knowledge that it was a fraudulent claim against real property, (2) intended the document be given legal effect, and (3) intended to cause financial injury. Tex. Civ. Prac. & Rem. Code Ann. § 12.002(a); *Bernard v. Bank of Am., N.A.*, No. 04-12-00088-CV, 2013 WL 441749, at *4 (Tex. App.—San Antonio Feb. 6, 2013, no pet.) (mem. op.). Appellee presented evidence that a corporate officer of the entity from which appellant purported to take his title to the property had no knowledge of appellant and that the entity never conveyed property to appellant. The deed appellant recorded in the property records is dated before the foreclosure but was not recorded until several months later. In his own answer, appellant states that he knew the property was abandoned, neglected, and about to be foreclosed on and that he moved in and began making repairs. Although he claimed in his answer that he persuaded a representative of "the current owner" to deed him the property because that owner had failed to maintain the property, he provided no evidence contradicting appellee's evidence that no authorized representative of the prior owner did so. Nor did he provide any evidence that he filed the documents to protect a legitimate interest in the property. Additionally, the mechanic's lien and certificate of acknowledgment were both filed on April 30, 2012, the day before

8

the tax sale.  We conclude and hold that the trial court properly granted summary judgment for appellee on its fraudulent lien claim.  *See Bernard*, 2013 WL 441749, at *4.  We overrule appellant's first issue.

## Finality of Summary Judgment

In his second issue, appellant argues that the summary judgment is not final because it did not dispose of his counterclaim.  However, appellee moved for summary judgment on appellant's counterclaim under rule 166a(b), contending that as a matter of law, appellant's counterclaim was not viable because section 34.015(b)(1)–(2) requires the "person" purchasing the property to file a tax certificate and that "person" as defined in the Code Construction Act does not mean the individual members or shareholders of a corporate entity.  *See* Tex. Tax Code Ann. § 34.015(b)(1)–(2); Tex. Gov't Code Ann. § 311.005(2) (West 2013) (defining "[p]erson" as a "corporation, organization, government or governmental subdivision or agency, business trust, estate, trust, partnership, association, and any other legal entity"); Tex. R. Civ. P. 166a(b).  Appellant did not argue any alternative construction in his response, and the trial court's final judgment, by granting relief on appellee's motion for summary judgment, necessarily denied appellant's counterclaim.  *See Karen Corp. v. The Burlington N. & Santa Fe Ry. Co.*, 107 S.W.3d 118, 125 (Tex. App.—Fort Worth 2003, pet. denied).  We overrule appellant's second issue.

9

## Conclusion

Having overruled both of appellant's issues, we affirm the trial court's judgment.

CHARLES BLEIL
JUSTICE

PANEL:   GARDNER and WALKER, JJ.; CHARLES BLEIL (Senior Justice, Retired, Sitting by Assignment).

DELIVERED:  July 18, 2013